John H. **WHITE**, Plaintiff-Appellee,

v.

Margaret M. **HECKLER**, Secretary of Health and Human Services, Defendant-Appellant.

No. 85–1320.

United States Court of Appeals, Tenth Circuit.

Sept. 30, 1985.

As Amended Nov. 25, 1985.

Benjamin L. Burgess, Jr., U.S. Atty., and Stephen K. Lester, Asst. U.S. Atty., Wichita, Kan., for defendant-appellant.

Woody D. Smith, Coffeyville, Kan., for plaintiff-appellee.

Before MOORE, SETH and McWILLIAMS, Circuit Judges.

JOHN P. MOORE, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Cir.R. 10(e). The cause is therefore ordered submitted without oral argument.

Appellee John H. White was granted social security disability insurance benefits in 1974. In October 1981, the Secretary of Health and Human Services ("the Secretary") determined that Mr. White was no longer disabled and notified him that his benefits would cease as of December 1981. Mr. White pursued the appropriate administrative remedies. On May 20, 1983, an administrative law judge affirmed the Secretary's termination of benefits. On October 20, 1983, after a request for administrative review was denied by the Appeals Council, Mr. White filed a complaint in the United States District Court for the District of Kansas, asking that the Secretary's findings be set aside on the ground that they were not supported by substantial evidence.

While Mr. White's appeal was pending before the district court, Congress enacted the Social Security Disability Benefits Reform Act of 1984 ("the Act") on October 9, 1984. Section 2(d)(2) of the Act provided for the remand of appeals "with respect to which a request for judicial review was pending on September 19, 1984."[1] On December 17, 1984, the district court issued a memorandum and order in which it found that the Secretary's decision must be reversed and set aside because the Secretary's determination was not supported by substantial evidence on the record as a whole. In light of Section 2(d)(2)(C) of the Act, the court also found that it was required to remand the case to the Secretary. After noting that its reversal of the Secretary's decision in conjunction with the required remand placed it in a quandary, the court concluded that the Act, in requiring remand, "acquiesces in part in the impropriety of having disallowed the plaintiff's benefits in the first instance." The court then directed the Secretary to compensate

1. Section 2(d)(2)(C) provides as follows:

(2) The amendments made by this section shall apply to—

. . . .

(C) determinations with respect to which a request for judicial review was pending on September 19, 1984, and which involve an individual litigant or a member of a class in a class action who is identified by name in such pending action on such date.

In the case of determinations described in subparagraphs (C) and (D) in actions relating to medical improvement, the court shall remand such cases to the Secretary for review in accordance with the provisions of the Social Security Act as amended by this section.

Mr. White "for all benefits withheld since October 21, 1981, and to regularly and continuously satisfy the plaintiff's disability benefits until such time as requisite findings, if any, are made which would affect his rights thereto."

The Secretary appeals the district court's order for payment of benefits withheld from Mr. White as well as its direction to continuously satisfy his disability benefits. She argues that the Act does not authorize the payment of benefits as ordered by the court. The Secretary points out that Section 2(e) of the Act provides for monthly payments while a remand is pending review only upon the specific election of a beneficiary to receive such benefits.[2] Because Mr. White did not make such an election, the Secretary contends that the district court's order for payment of continuing benefits must be reversed. The Secretary also argues that the district court ignored the plain language of Section 2(f) of the Act in ordering retroactive benefits because that section authorizes the award of such payments only *after* review following remand.[3]

■ We recognize that Section 2(e) of the Act provides a mechanism by which an individual may voluntarily elect to continue receiving benefits during the pendency of an appeal of a termination of benefits. However, we do not read that section as prohibiting a district court's award of retroactive benefits after making a finding that the Secretary's termination of benefits was unwarranted; nor does it preclude a district court order to the Secretary to continuously satisfy an individual's benefits

following a remand of the case by the court. The wording of Section 2(e) and the legislative history of the Act give no indication that Section 2(e) was intended as the exclusive mechanism for the continuation of benefits pending review. In fact, the legislative history of Section 7 of the Act states that provisions for continuation of benefits were intended to "ease the severe financial and emotional hardships that would otherwise be suffered by disabled persons." U.S.Code Cong. & Admin.News 1984 at 3055. The award of continuing benefits by the district court is in step with this legislative purpose. Moreover, the power conferred by 42 U.S.C. § 405(g) on the district courts to enter orders affirming, modifying, or reversing the decision of the Secretary includes the authority to order such appropriate relief as retroactive and continuing benefits.

■ The Secretary argues that a court order for retroactive and continuing benefits unfairly and inappropriately places Mr. White in jeopardy of having to repay those benefits if the Secretary, on remand, confirms her prior decision to terminate benefits. While the Secretary's concern for the potential hazard faced by Mr. White is admirable, her argument rings hollow. The legislative history of the Act indicates that one of the purposes of its amendments is "to insure that no beneficiary loses eligibility for benefits as the result of careless or arbitrary decision-making by the Federal government." U.S.Code Cong. & Admin. News at 3039. In furtherance of this legislative purpose, Congress established new statutory standards for the termination of disability benefits which place significant

**2.** Section 2(e) provides as follows:

(e) Any individual whose case is remanded to the Secretary pursuant to subsection (d) or whose request for review is made in a timely manner pursuant to subsection (d), may elect, in accordance with section 223(g) or 1631(a)(7) of the Social Security Act, to have payments made beginning with the month in which he makes such election, and ending as under such section 223(g) or 1631(a)(7). Notwithstanding such section 223(g) or 1631(a)(7), such payments (if elected)—

(1) shall be made at least until an initial redetermination is made by the Secretary; and

(2) shall begin with the payment for the month in which such individual makes such election.

**3.** Section 2(f) provides as follows:

(f) In the case of any individual who is found to be under a disability after a review required under this section, such individual shall be entitled to retroactive benefits beginning with benefits payable for the first month to which the most recent termination of benefits applied.

restraints on the Secretary's discretion to terminate. Instead of simply basing a termination decision on her determination of the severity of the disability (which was the focus of Mr. White's evaluation), under Section 2(a) of the Act, the Secretary must now provide substantial evidence which demonstrates that there has been medical improvement in the individual's impairment.[4] If the medical improvement standard is properly applied in this case, it is not unlikely that a reviewing official will reach the same conclusion as the district court reached after its careful consideration of the case under the old, less stringent standards. Even if a decision adverse to Mr. White is reached, the appeal process will be available. In light of this, it is improbable that Mr. White will face a reversal and the subsequent necessity of repaying benefits to the Secretary.

Assuming Mr. White does not succeed on the merits of his case, it is far from evident that the benefits ordered by the district court under the circumstances of this case are subject to repayment under Section 7(b) of the Act.[5] This section authorizes repayment where a voluntary election to receive continuing benefits has been made by the individual requesting review. That is not the case here. Moreover, even if the repayment of the ordered benefits falls within Section 7(b), Subsection 7(B)(ii) makes the repayment subject to waiver where the request for review was made in good faith. There was no indication in this case that Mr. White's pursuit of his appeal was accompanied by bad faith on his part.

AFFIRMED.

**4.** Section 2(a) of the Act also provides for the termination of benefits upon substantial evidence that the individual, though not improved medically, is the beneficiary of advances in medical or vocational therapy or technology, or upon substantial evidence, as determined on the basis of new or improved diagnostic techniques or evaluations, that the individual's impairment is not as disabling as originally considered.

**5.** Section 7(b) of the Act provides as follows:
(b) Section 1631(a) of such Act is amended by adding at the end thereof the following new paragraph: ....
"(7)(B)(i) If an individual elects to have the payment of his benefits continued for an addi-

tional period under subparagraph (A), and the final decision of the Secretary affirms the determination that he is not entitled to such benefits, any benefits paid under this title pursuant to such election (for months in such additional period) shall be considered overpayments for all purposes of this title, except as otherwise provided in clause (ii).
"(ii) If the Secretary determines that the individual's appeal of his termination of benefits was made in good faith, all of the benefits paid pursuant to such individual's election under subparagraph (A) shall be subject to waiver under the provisions of subsection (b)(1)."