**Terry R. BEACH, Appellant,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services,\* Appellee.**

No. 85–2004.

United States Court of Appeals, Eighth Circuit.

Submitted April 18, 1986.

Decided April 28, 1986.

the court accordingly, on its own motion, substitutes him as party appellee. *See* Fed.R.App.P. 43(c)(1).

Leroy P. Shuster, Spokane, Wash., for appellant.

Douglas R. Semisch, Asst. U.S. Atty., Omaha, Neb., for appellee.

Before ROSS, Circuit Judge, HENLEY, Senior Circuit Judge, and ARNOLD, Circuit Judge.

PER CURIAM.

Terry R. Beach appeals from the district court's[1] affirmance of the Secretary of Health and Human Services' (Secretary) decision terminating his disability benefits as of November, 1978, and the remand of that part of the Secretary's decision which denied the establishment of a new period of disability starting December, 1979. We dismiss the appeal for lack of jurisdiction.

Beach was granted disability benefits in 1966 as a result of impairments stemming from a gunshot wound to the right lower extremity suffered in the Vietnam War. These benefits were terminated in 1968 due to a demonstrated ability to engage in substantial gainful activity after the successful completion of a trial work period in April, 1968. He was again granted benefits effective in 1971 based on the impairment to the right leg. In 1982 it was determined that Beach's disability had ceased in 1978 because he was able to perform substantial gainful activity in that he worked as a car salesman from November, 1978 to December, 1979.

In January, 1983 appellant filed a third application. The hearing on the denial of this application was combined with his appeal of the termination of his second period of disability. In September, 1983 the administrative law judge upheld the termination decision based on Beach's ability to perform substantial gainful activity, and the denial of the third application because Beach had the ability to perform sedentary work-related functions. The appeals council denied his request for review.

Beach then filed a complaint in federal district court. The Secretary filed a motion to remand the case based on the Social Security Disability Benefits Reform Act of 1984, § 2(d)(3), which required the remand of certain medical improvement cases. Remand was ordered. However, contending this was not a medical improvement case but rather a termination due to an ability to perform substantial gainful activity, the Secretary requested relief from the order of remand pursuant to Fed.R.Civ.P. 60(b).

The case was assigned to a magistrate[2] who recommended that (1) the order for remand be vacated; (2) the termination of benefits be affirmed; and (3) the Secretary's decision concerning the third application be remanded. The district court adopted the magistrate's findings and recommendations.

1. The Honorable C. Arlen Beam, United States District Judge, District of Nebraska.

2. The Honorable Richard C. Peck, United States Magistrate, District of Nebraska.

We lack jurisdiction to hear this appeal because according to 28 U.S.C. § 1291 we can hear appeals only from final decisions, except in the limited circumstances listed in 28 U.S.C. § 1292. An order by a district court remanding an administrative appeal for further proceedings before the Secretary is not a final judgment appealable under § 1291. *McCoy v. Schweiker*, 683 F.2d 1138, 1141 n. 2 (8th Cir.1982); *see also Howell v. Schweiker*, 699 F.2d 524, 526 (11th Cir.1983).

The fact that a part of the district court's order affirms the Secretary's decision does not make the case appealable as this would result in piecemeal litigation, which is to be avoided. *See Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 8, 100 S.Ct. 1460, 1465, 64 L.Ed.2d 1 (1980).

Administrative proceedings in accordance with the remand ordered by the district court should now take place. If, following those proceedings, the Secretary decides to grant Beach's third application, this decision should be certified to the district court, which should then enter a fresh judgment. This judgment, embodying the district court's decision to affirm the Secretary's determination that Beach's previous period of disability had ended in 1978, would then be subject to appeal by Beach. We are not certain that in this hypothetical situation Beach would wish to appeal, but if he does, he can do so.

If, on the other hand, the administrative proceedings on remand with respect to Beach's third application result in a decision adverse to him, he can then return to the district court to secure judicial review of this decision. Following such review, a fresh judgment should be entered by the district court reflecting (1) its decision on judicial review of the administrative decision made on remand, and (2) its decision affirming the previous administrative decision that disability ceased in 1978. From this fresh judgment, Beach could then appeal.

Accordingly, the appeal is dismissed without prejudice.