Homer W. DOUGHTY,
Plaintiff–Appellee,

v.

Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant–Appellant.

No. 85–2767.

United States Court of Appeals, Tenth Circuit.

Feb. 8, 1988.

John S. Koppel, Attorney, Appellate Staff, Civ. Div., Dept. of Justice (Richard K. Willard, Asst. Atty. Gen., and William Kanter, Attorney, Appellate Staff, Civ. Div., Dept. of Justice; and Benjamin L. Burgess, Jr., U.S. Atty., D. Kan., with him on the briefs), Washington, D.C., for defendant-appellant.

Dennis L. Phelps, Wichita, Kan., for plaintiff-appellee.

Before McKAY and McWILLIAMS, Circuit Judges, and BOHANON, District Judge *.

---

* Honorable Luther L. Bohanon, United States Senior District Judge for the Districts of Oklahoma, sitting by designation.

McKAY, Circuit Judge.

The question presented on appeal is whether a district court may order interim benefit payments to a claimant pending his appeal from an initial denial of disability benefits under Title II of the Social Security Act.

On November 18, 1981, plaintiff applied for disability insurance benefits pursuant to Title II of the Social Security Act. The administrative law judge (ALJ) found that plaintiff suffered only exertional limitations and, after applying the grid regulations, 20 C.F.R. Part 404, subpt. P, app. 2 (1982), denied plaintiff any benefits. Plaintiff exhausted his administrative appeals and on April 29, 1983, filed an action with the district court seeking review of the Secretary of Health and Human Service's (the Secretary's) denial of benefits. On October 5, 1984, the district court concluded that "there was substantial evidence of several non-exertional limitations" and reversed the Secretary's decision, remanding the case for further proceedings. Record, vol. 1, doc. 19, at 3.

The Secretary remanded the case to the ALJ and requested a new recommendation based on additional medical records and the testimony of vocational experts. In a revised recommendation dated June 25, 1985, the ALJ found the plaintiff to be disabled. However, the ALJ concluded that plaintiff became disabled in July 1983 when he turned fifty and not in July 1981 as plaintiff claimed. Plaintiff contested this recommendation before the Appeals Council, claiming that the ALJ had applied the grid regulations too rigidly. The Appeals Council agreed with plaintiff, and on August 29, 1985, remanded the case to the ALJ with directions to apply the grid regulations less stringently and to hear testimony from a vocational expert.

On September 16, 1985, plaintiff moved the district court to (1) direct the Secretary to comply with the court's remand order and (2) impose sanctions on the Secretary for creating unnecessary delays. The district court found that "the case was still pending before the ALJ [and that there was] no final determination of the Secretary ... to review." Record, vol. 1, doc. 23, at 2. Nevertheless, the district court concluded that it was authorized to order the Secretary to pay interim benefits until there was a final judicial resolution. The court ordered not only prospective interim payments but also retroactive interim payments from the date of plaintiff's application for benefits, November 18, 1981.

The Secretary objected to the order to pay interim benefits and filed a motion on November 19, 1985, to vacate the court's ruling, under Rule 60(b) of the Federal Rules of Civil Procedure. On November 21, 1985, the Secretary appealed the interim payment order to this court. The Rule 60(b) motion is still pending in district court; and while the Secretary has made prospective interim payments, he has not made retroactive payments. All administrative proceedings have been stayed pending resolution of this appeal.

I.

We first consider whether this court has jurisdiction to hear an appeal from a district court order to remand for further proceedings and to pay interim benefits. "This Court has jurisdiction to hear appeals from final decisions of the district court." *Blondin v. Winner*, 822 F.2d 969, 973 (10th Cir.1987); *see* 28 U.S.C. § 1291 (1982). A final decision of the district court is an order that "end[s] the litigation and leave[s] nothing to be done except execute the judgment." *First Bank v. Albuquerque Nat'l Bank (In Re Glover, Inc.)*, 697 F.2d 907, 909 (10th Cir.1983) (citing *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633–34, 89 L.Ed. 911 (1945)).

Generally, an order remanding a case to the Secretary for further proceedings does not end the litigation. Rather, it is a non-final, collateral order and therefore is not appealable under 28 U.S.C. § 1291 (1982). *Beach v. Bowen*, 788 F.2d 1399, 1401 (8th Cir.1986); *Huie v. Bowen*, 788 F.2d 698, 699, 701 (11th Cir.1986); *Memorial Hospital System v. Heckler*, 769 F.2d 1043, 1044 (5th Cir.1985); *Biddle v. Heckler*, 721 F.2d 1321 (11th Cir.1983). However, a remand order is appealable if it comes within an

exception to the final-order rule. The Supreme Court established the exception in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 545–47, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949); and in *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468–69, 98 S.Ct. 2454, 2557–58, 57 L.Ed.2d 351 (1978), the Court explained that the *Cohen* exception applies to non-final collateral orders that (1) "conclusively determine a disputed question," (2) "resolve an important issue completely separate from the merits of the action," and (3) are "effectively unreviewable on appeal from final judgment."

Recently, in *Huie v. Bowen*, 788 F.2d 698, 701–02 (11th Cir.1986), the Eleventh Circuit examined whether a remand order to the Secretary to pay interim benefits satisfies the *Cohen* requirements. The court found that all three elements of *Cohen* were satisfied: (1) "whether a court may order the Secretary to pay retroactive benefits prior to the determination of whether the claimants were improperly taken off the rolls is separable from the issue of whether the claimants have experienced a medical improvement"; (2) the case involves unsettled and "significant interests of the Secretary in protecting the public fisc" and important interests of the claimant in protecting his "financial well-being and, perhaps, survival"; and (3) "a review at a later time [would] be meaningless" if the parties had to wait. *Huie*, 788 F.2d at 703.

We note that *Huie* substantively differs from the present matter in that the *Huie* remand order ensues from the termination of benefits rather than from the initial denial of benefits. Despite this distinction, remand orders ensuing from the termination of benefits and from the initial denial of benefits are procedurally similar since they both address the appealability of a remand order to the Secretary. The rationale underlying the application of the *Cohen* doctrine in *Huie* is applicable to the present case, and we find that the *Cohen* elements are established in the present case. First, whether the district court may order the Secretary to pay interim benefits prior to a final determination that the plaintiff is entitled to such benefits is a completely separate issue from whether the plaintiff is disabled. Second, the present matter involves important, unsettled interests in protecting the public fisc and the plaintiff's financial well-being. Third, review at a later time will not be effective. If the plaintiff is found to be disabled and is awarded benefits on remand to the Secretary, the Secretary will not subsequently address the interim payments issue. If the plaintiff is not found to be disabled, the Secretary will be unable to present the interim payment issue unless the plaintiff opts to appeal the new determination. *See generally Huie*, 788 F.2d at 703.

We conclude that a remand order to pay interim benefits satisfies the *Cohen* doctrine and thus gives this court jurisdiction to hear the merits.**

II.

Although a remand order to pay interim benefits in a case involving the termination of benefits and a remand order from the initial denial of benefits both satisfy the *Cohen* elements for appealability, the propriety of awarding interim benefits in these two types of cases is substantively distinct. In a termination case, the individual, at one time, necessarily received a final judgment pursuant to 42 U.S.C. 405(i) (1982) certifying his right to payment of benefits. In an initial denial case, the individual has never obtained a final judgment finding him disabled and entitled to benefits.

■ Section 2(e) of the Social Security Disability Benefits Reform Act of 1984 and 42 U.S.C. § 423(g) (1982 & Supp. III 1985) expressly authorize an individual to elect to receive interim benefits pending the remand and resolution of whether benefits should have been terminated. This court has determined that these legislative directives allow a district court remedial pow-

---

** We note that this court has previously assumed jurisdiction, without explanation, to hear a remand order to pay interim benefits pending a review of the termination of benefits. *White v. Heckler*, 774 F.2d 994 (10th Cir.1985).

er to direct payment of interim benefits during the remand of a termination case even if the individual has not elected to receive the benefits. *White v. Heckler*, 774 F.2d 994, 996–97 (10th Cir.1985); *see also Huie*, 788 F.2d at 704. However, whether a district court has sufficiently broad remedial powers under the legislative directives to direct payments of interim benefits when the individual has never been certified disabled and entitled to benefits is a question of first impression for this court.

At least two circuit decisions, *Day v. Schweiker*, 685 F.2d 19 (2d Cir.1982), *vacated*, 467 U.S. 104, 104 S.Ct. 2249, 81 L.Ed.2d 88 (1984), and *Taylor v. Heckler*, 769 F.2d 201 (4th Cir.1985), have considered whether a district court may award interim benefits to a person initially denied disability benefits who is awaiting resolution of his claim on remand. In *Day v. Schweiker*, the Second Circuit affirmed a district court order that established reconsideration deadlines for the Secretary and that allowed interim benefits to claimants if the deadlines were not met. The order required a state agency to issue a reconsideration within ninety days of a claimant's request and the ALJ to provide evidentiary hearings within ninety days of a request. The Second Circuit determined that the district court had remedial power to order interim benefits to claimants who did not receive a reconsideration or a hearing within the mandatory deadlines.

The Supreme Court reversed the Second Circuit's mandatory deadline holding in *Day v. Schweiker. See Heckler v. Day*, 467 U.S. 104, 104 S.Ct. 2249, 81 L.Ed.2d 88 (1984). The Court noted "that Congress repeatedly has been made aware of the long delays associated with resolution of disputed disability claims and repeatedly has considered and expressly rejected suggestions that mandatory deadlines be imposed to cure that problem." *Id.* at 111, 104 S.Ct. at 2253. The Court then concluded that "[i]n light of the unmistakable intention of Congress, it would be an unwarranted judicial intrusion into this pervasively regulated area for federal courts to issue injunctions imposing deadlines with respect to future disability claims." *Id.* at 119, 104 S.Ct. at 2257. Because the Supreme Court reversed on the mandatory deadline issue, the Court did not address the propriety of the interim payment order.

The Fourth Circuit reached the interim payment issue the following year in *Taylor v. Heckler*, noting that Congress had specifically provided for interim benefits in termination cases but not in cases involving the initial denial of benefits. *Taylor v. Heckler*, 769 F.2d at 202; *see* 42 U.S.C. § 423(g) (1982 & Supp. III 1985). Relying on the Supreme Court's decision in *Heckler v. Day*, and likening interim benefits to mandatory deadlines, the Fourth Circuit held that the district court could not use its remedial powers to order interim benefits when Congress had not so provided, in an area regulated so pervasively by Congress.

We are convinced that the Fourth Circuit's rationale is correct. If a district court were allowed to order the payment of interim benefits in the initial denial of benefits cases, it would be doing something Congress has considered and has not provided for. Moreover, if a district court were allowed to order such payments, it would be establishing, if only indirectly, a deadline for reconsiderations. Although such payment orders would not impose an express deadline, they would generate behavior and agency review that would run contrary to Congress' desire to allow the Secretary broad authority to "ensure quality decisions in the face of heavy and escalating workloads and limited agency resources." *Day v. Heckler*, 467 U.S. at 112, 104 S.Ct. at 2254.

In light of congressional intent and the authorities set forth above, we conclude that the district court cannot use its remedial power to order interim disability payments for a person initially denied benefits.

REVERSED.