**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jeffrey A. DICKSTEIN,
Movant–Appellant.**

**No. 90–5236.**

United States Court of Appeals,
Tenth Circuit.

May 4, 1992.

William A. Cohan, Cohan & Greene, Encinitas, Cal. (Jeffrey A. Dickstein, Tulsa, Okl., pro se, submitting the briefs), for movant-appellant.

Kenneth P. Snoke, Asst. U.S. Atty. (Tony M. Graham, U.S. Atty. and Neal B. Kirkpatrick, Asst. U.S. Atty., with him on the brief), Tulsa, Okl., for plaintiff-appellee.

Before ANDERSON, BARRETT and BRORBY, Circuit Judges.

STEPHEN H. ANDERSON, Circuit Judge.

The United States District Court for the Northern District of Oklahoma appointed appellant Jeffrey A. Dickstein *pro hac vice* to represent James Mauldin in a criminal matter involving alleged violations of the laws of the United States. After a mistrial was declared, Dickstein's permission to appear was revoked due to conduct the district court considered improper and beyond tolerable bounds. Dickstein appeals the order revoking that permission. We hold that we lack jurisdiction to hear his appeal because the order revoking his *pro hac vice* status is a nonfinal order which is not appealable under the collateral order doctrine of *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).

## BACKGROUND

James Mauldin was charged with conspiracy and making a false statement to a government department, in violation of 18 U.S.C. §§ 371 and 1001, respectively. Dickstein was granted permission by order made in open court to represent Mauldin *pro hac vice*. After an eighteen day trial, the jury deadlocked and a mistrial was declared. Prosecution is still ongoing. Nine days after the mistrial was declared, the district court issued an "Order to Show Cause" directing Dickstein to show cause why his permission to appear *pro hac vice* should not be revoked, because of various instances of allegedly inappropriate and disruptive behavior throughout the trial. Twelve days later, Dickstein filed a 31-page response, seeking dismissal of the Order to Show Cause and moving to have the district court judge recused.

On October 25, the district court issued its order revoking Dickstein's *pro hac vice* status. Dickstein unsuccessfully petitioned this court for a writ of mandamus to overturn the order, *Dickstein v. Brett*, unpub. order (10th Cir. Dec. 10, 1990). Dickstein now appeals from the October 25 order revoking his *pro hac vice* status, arguing that he was entitled to due process prior to that revocation, including compliance with local rules governing the dismissal of members of the Oklahoma Bar. By letter dated January 22, 1991, this court *sua sponte* asked the parties to address the question of whether we had jurisdiction to hear this appeal, particularly in view of the decision of the United States Supreme Court in *Flanagan v. United States*, 465 U.S. 259, 104 S.Ct. 1051, 79 L.Ed.2d 288 (1984). The issue was deferred to the merits panel until full argument both on the merits and the jurisdictional issue. Upon consideration, we dismiss the appeal for lack of jurisdiction. We therefore do not reach the merits.

## DISCUSSION

Jurisdiction is a threshold matter. *See* Fed.R.Civ.P. 12(h)(3) ("Whenever it appears by suggestion of the parties *or otherwise* that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.") (emphasis added). Dickstein argues we have jurisdiction either because the order revoking his *pro hac vice* status is a final order appealable under 28 U.S.C. § 1291 or it falls within the collateral order exception developed in *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221 (1949), and subsequent cases. We discuss each possibility in turn.

## I.

"As a general rule, only final decisions of the district courts are appealable." *Tri–State Generation & Transmission Assoc., Inc. v. Shoshone River Power, Inc.*, 874 F.2d 1346, 1351 (10th Cir. 1989); *see* 28 U.S.C. § 1291; *see also Fire-*

stone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 374, 101 S.Ct. 669, 673, 66 L.Ed.2d 571 (1981) (final judgment rule requires that "a party must ordinarily raise all claims of error in a single appeal following final judgment on the merits"); *G.J.B. & Assoc., Inc. v. Singleton*, 913 F.2d 824, 827 (10th Cir.1990). A final decision generally is "one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945); *see also Primas v. City of Oklahoma City*, 958 F.2d 1506 at 1513 (10th Cir.1992); *G.J.B. & Assoc., Inc.*, 913 F.2d at 827; *Doughty v. Bowen*, 839 F.2d 644, 645 (10th Cir.1988).

In *Flanagan v. United States*, 465 U.S. 259, 260, 104 S.Ct. 1051, 1052 (1984), the Supreme Court held that "a District Court's pretrial disqualification of defense counsel in a criminal prosecution is not immediately appealable under 28 U.S.C. § 1291." Appeal from such disqualification must await entry of final judgment (conviction and imposition of sentence) in the underlying criminal case. The Court observed that the policy of prohibiting piecemeal appeals is "'at its strongest in the field of criminal law.'" *Id.* 465 U.S. at 264, 104 S.Ct. at 1054 (quoting *United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 265, 102 S.Ct. 3081, 3082, 73 L.Ed.2d 754 (1982)).

We conclude that the *Flanagan* rule applies with equal force to a disqualification order appealed by the attorney personally before resolution of the underlying controversy. Thus, the order revoking Dickstein's *pro hac vice* status is not a "final decision" under 28 U.S.C. § 1291. *See Firestone Tire & Rubber Co.*, 449 U.S. at 373–75, 101 S.Ct. at 673–74; *G.J.B. & Assoc., Inc.*, 913 F.2d at 827. The question remains whether the order is immediately appealable under the collateral order exception to the final judgment rule of section 1291.

## II.

■ Departure from the final judgment rule is permitted "'only when observ-

ance of [the rule] would practically defeat the right to any review at all.'" *Flanagan*, 465 U.S. at 265, 104 S.Ct. at 1054 (quoting *Cobbledick v. United States*, 309 U.S. 323, 324–25, 60 S.Ct. 540, 541, 84 L.Ed. 783 (1940)). Thus, only orders coming within the "collateral order" exception of *Cohen* may be appealed prior to conclusion of the underlying case.

Under the *Cohen* collateral order doctrine:

> A nonfinal district court decision is ... appealable under [section 1291] if it "finally determine[s] claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated."

*Workman v. Jordan*, 958 F.2d 332, at 334 (10th Cir.1992) (quoting *Cohen*, 337 U.S. at 546, 69 S.Ct. at 1225–26). As we noted in *Doughty*, the *Cohen* collateral order exception, as further explained in *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978), applies to orders sharing three important characteristics: they must conclusively resolve a disputed question; they must resolve an issue completely separate from the merits of the underlying action; and they must be effectively unreviewable on appeal from a final judgment in the underlying action. *Doughty*, 839 F.2d at 646. *See Coopers & Lybrand*, 437 U.S. at 468, 98 S.Ct. at 2458 (footnote omitted); *Workman*, 958 F.2d 332, at 334. The *Flanagan* Court observed that "[b]ecause of the compelling interest in prompt trials, the Court has interpreted the requirements of the collateral-order exception to the final judgment rule with the utmost strictness in criminal cases." 465 U.S. at 265, 104 S.Ct. at 1055; *see also D & H Marketers, Inc. v. Freedom Oil & Gas, Inc.*, 744 F.2d 1443, 1445 (10th Cir.1984) (en banc) (court observed the "narrowing view of the exception's applicability in criminal cases, even where important constitutional considerations are involved.").

■ The parties cite us, and our research reveals, no case directly on point. A num-

ber of cases, however, provide helpful and persuasive guidance. In *Flanagan*, the appellants were the criminal defendants who claimed that their constitutional rights had been infringed by the pretrial disqualification of counsel of their choice, and who sought immediate review of the order disqualifying the counsel. Applying its maxim that it construes the collateral order doctrine strictly in criminal cases, the Court rejected the argument that the order was immediately reviewable under the *Cohen* doctrine.

The Court straightforwardly applied the three *Cohen/Coopers & Lybrand* requirements. After acknowledging that a pretrial disqualification order was final, the Court nonetheless concluded that it either failed to meet the second *Cohen/Coopers & Lybrand* requirement (that the order be totally separate from the merits) or the third requirement (that it be effectively unreviewable on appeal).[1] It noted that only three types of pretrial orders in criminal cases have been found to meet the requirements of the collateral order doctrine, and pretrial disqualification of counsel is not analogous to any of them. The Court also emphasized the delay attendant upon immediate review of such an order, and that delay "would severely undermine the policies behind the final judgment rule." *Flanagan*, 465 U.S. at 270, 104 S.Ct. at 1057.

*Flanagan* is not entirely dispositive of the precise issue here—whether the order revoking Dickstein's *pro hac vice* status is immediately appealable by Dickstein himself. As indicated, the appellants in *Flanagan* were the defendants, who claimed that *their* Sixth and Fifth Amendment rights were adversely affected by the disqualification of counsel of their choice. By contrast, Dickstein argues the order revoking his *pro hac vice* status immediately affected his *own* reputation and *his* ability to practice his chosen profession and he runs the risk of never being able to challenge

the decision if his former client, Mr. Mauldin, is acquitted upon retrial. Nonetheless, the Court *did* determine that a pretrial order disqualifying counsel does not meet the three *Cohen* requirements for immediate appeal by the criminal defendants.

In another case, the Supreme Court declined to find that an attorney's personal interest in having his name vindicated should constitute grounds for allowing immediate appeal. In *Richardson–Merrell, Inc. v. Koller*, 472 U.S. 424, 105 S.Ct. 2757, 86 L.Ed.2d 340 (1985), involving the revocation of *pro hac vice* status for alleged misconduct of attorneys in a civil case, the Court rejected the various policy considerations motivating the lower court's conclusion that such an order was immediately appealable as a collateral order. Among the policy reasons rejected was a concern to vindicate "the interest of the attorneys, who are parties to this appeal, in correcting what they claim is an erroneous finding of misconduct." *Koller v. Richardson–Merrell, Inc.*, 737 F.2d 1038, 1053 (D.C.Cir. 1984), *rev'd*, 472 U.S. 424, 105 S.Ct. 2757, 86 L.Ed.2d 340 (1985). The Supreme Court in *Richardson–Merrell, Inc.*, stated:

> We also decline to view the disqualified attorney's personal desire for vindication as an independent ground for interlocutory appeal. An attorney who is disqualified for misconduct may well have a personal interest in pursuing an immediate appeal, an interest which need not coincide with the interests of the client. As a matter of professional ethics, however, the decision to appeal should turn entirely on the client's interest. (citation omitted). In neither *Firestone* nor *Flanagan* did the Court regard the attorney's personal interest in a disqualification ruling as relevant or dispositive.

*Richardson–Merrell, Inc.*, 472 U.S. at 434–35, 105 S.Ct. at 2763.

The Court also made it clear in *Richardson–Merrell* that an analysis of the finality

---

1. As the Court observed, it failed to meet the second requirement if vindication of the asserted right required a showing of prejudice to the defense, for a showing of prejudice would require a review of the whole trial record and would thus need to await final judgment. On the other hand, if no showing of prejudice was required, the third *Cohen/Coopers & Lybrand* requirement is not met, because review after final judgment would be possible and adequate.

requirement of § 1291 is categorical, rather than case-by-case. "This Court ... has expressly rejected efforts to reduce the finality requirement of § 1291 to a case-by-case determination of whether a particular ruling should be subject to appeal. (citation omitted). Even if some orders disqualifying counsel are separable from the merits of the litigation, many are not." *Id.* 472 U.S. at 439, 105 S.Ct. at 2765.

Thus the Supreme Court through several decisions has established the broad rule that "orders disqualifying counsel in civil cases, like orders disqualifying counsel in criminal cases and orders denying a motion to disqualify in civil cases, are not collateral orders subject to appeal as 'final judgments' within the meaning of 28 U.S.C. § 1291." *Id.* 472 U.S. at 440, 105 S.Ct. at 2766. In each case, careful application of the *Cohen/Coopers & Lybrand* test dictated the conclusion reached.

We also look for guidance to a decision from our own circuit, involving the immediate review as a collateral order of an order imposing sanctions on an attorney. In *G.J.B. & Assoc., Inc.* we held that:

> a sanction order against counsel currently of record is not appealable under the *Cohen* collateral order exception to the final judgment rule. Instead, counsel must await conclusion of the underlying lawsuit and then appeal under § 1291.

913 F.2d at 829 (footnote omitted). Significantly, we also "reject[ed] any notion that an attorney risks losing the right to appeal if the parties settle or elect not to appeal from the final judgment." *Id.*[2] Thus, Dickstein's expressed concern that he may forever lose his right to appeal the order dismissing his *pro hac vice* status if his client is acquitted does not compel the con-

clusion that the order is an immediately appealable collateral order. *Cf. Willy v. Coastal Corp.,* —— U.S. ——, ——, 112 S.Ct. 1076, 1080, 117 L.Ed.2d 280 (1992) (in holding that a court may impose Rule 11 sanctions in a case in which it is later determined the court lacked subject-matter jurisdiction, the Court noted " '[i]t is well established that a federal court may consider collateral issues after an action is no longer pending.' ") (quoting *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 396, 110 S.Ct. 2447, 2456, 110 L.Ed.2d 359 (1990)).

Like *Flanagan* and *Richardson–Merrell, G.J.B. & Assoc., Inc.,* is helpful but not dispositive. In *G.J.B.* we specifically stated that "[w]e express no opinion on the appealability of sanctions against a nonparty *or an attorney no longer involved in the case." G.J.B. & Assoc., Inc.,* 913 F.2d at 829 n. 6 (emphasis added). Indeed, we noted that an appeal of an order imposing sanctions on counsel who remained involved in the case is "best heard after final judgment since the appellate court will likely need to review the record as a whole to determine the propriety of sanctions." *Id.* at 829. Such is admittedly not the case here, where the propriety of the order revoking Dickstein's *pro hac vice* status need not necessarily await a review of the retrial of Mauldin's case.

With the broad rules of the cases discussed above in mind, we turn to an application of the *Cohen/Coopers & Lybrand* test to the question of whether Dickstein may seek immediate review of the order revoking his *pro hac vice* status. We hold that his argument founders on the third *Cohen* requirement—that the order must be effectively unreviewable on appeal in order to be immediately appealable.[3]

---

**2.** In reaching this conclusion, we relied on *Dietrich Corp. v. King Resources Co.,* 596 F.2d 422 (10th Cir.1979), in which we held that a legal consultant could appeal the district court's fee determination, even though the consultant was neither a party nor an attorney of record. "Obviously under all the circumstances [the consultant] is an aggrieved party and his property interest can be protected only by recognizing this as one of those extraordinary cases where a nonparty may be allowed to appeal." *Id.* at 424.

**3.** We also note that the order is not necessarily entirely separate from the merits of the underlying case, as is necessary to satisfy the second *Cohen* requirement. While it is true that in *United States v. Collins,* 920 F.2d 619, 627 (10th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2022, 114 L.Ed.2d 108 (1991), we held that a criminal defendant lacks standing to raise the issue of whether the *attorney's* due process rights were violated because of the revocation of his *pro hac vice* status, nonetheless the defendant may raise the general issue of the propriety

As we observed in *G.J.B. & Assoc.,* "[s]ince *Cohen,* the Supreme Court has attempted to define when an order is 'effectively unreviewable on appeal from a final judgment.'" 913 F.2d at 828. After reviewing the narrow construction given the term in several Supreme Court decisions, we expressed our approval of Judge Timbers' assessment that:

> [Supreme Court decisions] clearly indicate that the *effectively unreviewable requirement imposes a heavy burden on a party seeking review of an interlocutory collateral order.* Clearly the Supreme Court, when using language such as rendering any review "impossible" or "destroying" a party's right to appeal, *did not contemplate that a court of appeals would find the collateral order doctrine apposite when the prospect of a party losing his right to appeal from a collateral order after entry of final judgment is mere speculation*—and especially when it is more probable that no injury will occur if an appeal is postponed until after entry of judgment in the underlying action.

*G.J.B. & Assoc., Inc.,* 913 F.2d at 828 (quoting *Cheng v. GAF Corp.,* 713 F.2d 886, 894–95 (2nd Cir.1983) (Timbers, J., dissenting)) (emphasis added), *rev'd,* 472 U.S. 1023, 105 S.Ct. 3493, 87 L.Ed.2d 626 (1985); *accord, Appeal of Licht & Semonoff,* 796 F.2d 564, 571 (1st Cir.1986).

We cannot conclude that an order revoking an attorney's *pro hac vice* status is "effectively unreviewable" on appeal from the final judgment in the underlying case. Dickstein argues that his reputation has been irreparably harmed, and therefore he must be permitted immediate review of the order damaging that reputation:

> It is the claimed property rights of appellant in his ability to practice law and in his professional reputation which is the crux of this appeal. The improper deprivation of this right, peculiar to Appellant, cannot, and will not, effectively be reviewed and corrected on appeal from a

of the revocation as a Sixth Amendment issue. Thus, the issue may indeed be intertwined with

final judgment in the criminal prosecution below.

Appellant's Memo. Br. Re: Jurisdiction at 21. It is *not* any claimed interest in or right to represent Mr. Mauldin in *this* suit which Dickstein seeks to vindicate.

That being the case, there is no reason why any alleged damage to his reputation cannot be effectively reviewed on appeal from the final decision in Mr. Mauldin's case. Under Dickstein's theory, any appeal of a claimed injury to reputation must be instantaneously and quickly reviewed, or else the damage becomes irreparable. Such cannot be the case. Dickstein will be able to challenge the propriety of the revocation of his *pro hac vice* status when final judgment has been entered in Mr. Mauldin's case. As we indicate elsewhere, even Mr. Mauldin's acquittal will not necessarily render the order unreviewable. Nothing convinces us that the order will be truly *unreviewable* at the conclusion of the underlying case. *Cf. D & H Marketers, Inc. v. Freedom Oil & Gas, Inc.,* 744 F.2d 1443 (10th Cir.1984) (en banc) (even preclusive sanction of entering default judgment against certain defendants not immediately appealable where there were remaining issues to be adjudicated.); *see also* 15B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3914.21 (1992) ("Permission for appearance pro hac vice is so much more a matter of discretion that appeal ordinarily should not be allowed.").

In sum, our application of the *Cohen/Coopers & Lybrand* test leads us to the conclusion that the order revoking Dickstein's *pro hac vice* status is not immediately appealable under the *Cohen* doctrine. Our conclusion is reinforced by: (1) the Supreme Court's categorical treatment of the appealability of orders disqualifying counsel in a variety of contexts similar but not identical to the case before us; (2) *Flanagan's* caution that the collateral order doctrine must be interpreted with the "utmost strictness" in criminal cases; (3)

the underlying case.

this court's affirmation that the "effectively unreviewable" requirement of the *Cohen* collateral order doctrine imposes a heavy burden on those, such as Dickstein, seeking immediate review of a collateral order; and (4) our express holding that attorneys who are sanctioned must await final judgment in the underlying case before they can appeal.

### III.

 Application of our holding to this case would result in the dismissal of the appeal as prematurely filed. However, we must determine whether to apply our decision nonretroactively, in accordance with the three factors expressed in *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971).

> Before applying a decision nonretroactively, we must consider whether (1) the decision establishes a new principle of law the resolution of which was not clearly foreshadowed, (2) the decision's purpose would be retarded by its retroactive application, and (3) the decision's retroactive application would produce inequitable results.

*G.J.B. & Assoc., Inc.,* 913 F.2d at 829. "This 'approach has consistently been utilized where ... aspects of the timeliness of a claim are at issue.'" *Jackson v. City of Bloomfield,* 731 F.2d 652, 654 (10th Cir. 1984) (en banc).

Our holding that an order revoking an attorney's *pro hac vice* status is not immediately appealable is not, in our view, "a new principle of law ... whose resolution was not clearly foreshadowed." *Chevron Oil Co.,* 404 U.S. at 106, 92 S.Ct. at 355. Indeed, while the precise point had not been decided before, it was certainly a logical extension of the Supreme Court and Tenth Circuit cases discussed throughout this opinion. Further, retroactive application will not work a hardship on Dickstein, as he advised this court at oral argument of this case that Mr. Mauldin's retrial has not yet reached a final judgment. Thus, he may file his appeal at a later date.

For the foregoing reasons, we apply our decision to the case at bar and DISMISS Dickstein's appeal for lack of jurisdiction.