**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 10 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

SUSAN M. UDERO,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner
of Social Security,

      Defendant-Appellee.

No. 98-2014
(D.C. No. CIV-96-1269)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BALDOCK**, **EBEL**, and **MURPHY**, Circuit Judges.

---

      After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Susan M. Udero appeals from an order of the district court affirming the Commissioner's determination that while she was eligible for disability benefits for a closed period, she is no longer entitled to benefits. We reverse and remand the case for further proceedings.

We review the Commissioner's decision to determine whether his factual findings were supported by substantial evidence in light of the entire record and to determine whether he applied the correct legal standards. See Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (quotations omitted). In the course of our review, we may "neither reweigh the evidence nor substitute our judgment for that of the agency." Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).

Ms. Udero alleged disability following an on-the-job injury. The administrative law judge (ALJ) determined that Ms. Udero had been disabled from August 30, 1991, until January 15, 1994, at step five of the five-step sequential process, see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988). He further determined at step five, that after January 15, 1994, she was no longer disabled as she could perform the full range of light and sedentary work as long as she could change positions as necessary.

Because the ALJ conceded that Ms. Udero was disabled until 1994, we do not review whether she was entitled to benefits during that closed period. The Commissioner accepts that the medical records during the closed period set forth impairments severe enough to entitle her to disability benefits. We, therefore, review only the ALJ's decision that, due to medical improvement, Ms. Udero was no longer disabled after January, 15, 1994. We must determine whether that conclusion is supported by substantial evidence in the record as a whole.

On appeal, Ms. Udero raises two arguments. We reject her argument that the ALJ failed to consider her problems with urinary incontinence. The record shows that she had not sought treatment for this symptom since 1992. Indeed, in January 31, 1994, one physician noted that she did not suffer from urinary incontinence. See App. at 354.

Ms. Udero also argues the ALJ did not consider the combined effect of her impairments in determining that she was no longer disabled after January 15, 1994, as her disability continued past that date. We conclude that the record does not contain substantial evidence to support the ALJ's decision.

In a closed period case, the ALJ determines that a claimant was disabled for a specific period of time which both started and stopped prior to the date of the ALJ's decision. See Pickett v. Bowen, 833 F.2d 288, 289 n.1 (11th Cir. 1987). In deciding when to end a closed period of disability, the ALJ must

identify specific medical evidence, see Burress v. Apfel, 141 F.3d 875, 880 (8th Cir. 1998) ("objective medical evidence" must show "discrete improvement" in claimant's condition to support choice of closed period date), which leads him to conclude the claimant can perform substantial gainful activity.

In his decision, the ALJ determined that the medical evidence showed Ms. Udero's condition had improved as of January, 15, 1994. He stated that Ms. Udero no longer had any limitations on her ability to perform sedentary work with a sit-stand option. The ALJ cited to several medical sources to support his conclusion. We take issue with each.

The ALJ cited to a July 1993 occupational therapist's functional capacity evaluation which stated that Ms. Udero retained the physical ability to perform sedentary work as long as it allowed for a sit-stand option. The ALJ also cited to a January 1994 medical evaluation which he stated indicated that Ms. Udero took no medication for pain. See App. at 86, 353. The evaluating physician reported that Ms. Udero was taking over-the-counter pain medication, but was a poor historian and was unable to relate the exact dosage. See id. He prescribed pain medication and recommended chronic pain management. See id. at 355-56. The evaluating physician noted that Ms. Udero might have an occult fracture in the coccyx area which could be "extremely painful." Id. at 355; see Lester v. Chater,

81 F.3d 821, 832-33 (9th Cir. 1995) (physician's medical opinion includes not only clinical findings and test interpretations, but also subjective judgments).

The ALJ noted that Ms. Udero's treating psychiatrist's report documented significant improvement in her condition as of January 6, 1994. The report shows, however, that although the psychiatrist expected that Ms. Udero would be able to return to gainful employment, she currently had "numerous" psychological barriers and was experiencing anxiety and depression making it difficult for her to learn new skills. See App. at 374. The psychiatrist noted that he and the psychologist working with Ms. Udero were "proceeding cautiously" with career counseling. Id.

The ALJ also concluded that Ms. Udero's reports of extremely poor memory and concentration were not supported in the record. The ALJ acknowledged that one record in March 1994 related more severe problems, but he concluded that "by January 1994 the claimant's psychiatric impairment had improved to a non-severe level." Id. at 101. However, in the July 1993 functional capacity evaluation, the occupational therapist noted that Ms. Udero had cognitive problems which resulted in her having difficulty remembering the order of parts to be placed during a one minute test despite extensive practice prior to the test. See id. at 280. He also noted that she had poor problem solving skills, including a lack of awareness of problems. See id. at 282.

The ALJ gave "[s]ignificant credit" to Ms. Udero's complaints of pain and other problems during the closed period of disability. Id. at 90. He did not, however, find sufficient support in the record to support her current subjective claims of limitations. See id. The ALJ did not state why he found Ms. Udero to no longer be credible regarding her subjective complaints after the closed date. See Huston v. Bowen, 838 F.2d 1125, 1133 (10th Cir. 1988) ("Findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." (footnote omitted)).

The record supports Ms. Udero's complaints of severe pain. See App. at 355-56. Further, in March of 1994, Ms. Udero's psychiatrist recommended she be admitted to an in-patient treatment program for pain management. See id. at 379. Ms. Udero's testimony of severe pain is not inconsistent with the objective medical evidence contained in the medical records and the ALJ failed to support his decision to find her testimony not credible.

The record shows that Ms. Udero continued to receive psychological counseling approximately twice a month after the closed period. The ALJ cites these reports as showing that Ms. Udero was well-oriented and had an appropriate affect. While these reports show that her mood and affect were appropriate, she continued to feel anxiety and depression and was tearful during the sessions. See App. at 375 (1/12/94); 377 (2/23/94); 378 (3/23/94); 379 (3/29/94); 382 (5/11/94);

384 (5/25/94). These reports do not differ significantly from reports prior to January, 15, 1994. See id. at 291 (11/3/93: tearful during much of the session, angry and depressed, well oriented, thoughts clear); 292 (10/13/93: angry and tearful, mood and affect appropriate and oriented in all spheres); 293 (9/29/93: having some difficulty sleeping, feels anxious, tearful during interview, well oriented, thoughts clear and goal directed).

At the hearing, the ALJ asked the vocational expert (VE) whether jobs would be available if, in addition to the restriction of alternating sitting and standing, Ms. Udero also had mental problems of depression, did not relate well to people, and was perhaps affected by agoraphobia. The VE opined that no employment would be available. See id. at 422. Based on the above cited reports, the record does not show substantial evidence of improvement in Ms. Udero's mental condition. The ALJ failed to explain why he disregarded the VE's conclusion that any potential jobs would be eliminated due to Ms. Udero's psychological problems.

The ALJ did not specifically explain or otherwise relate the significance of the January 15, 1994 date to any definable medical improvement. Instead, he simply asserted that, based upon the objective medical evidence, Ms. Udero had experienced medical improvement as of that date to the extent that she could perform substantial gainful employment existing in the national economy. To

reach this conclusion, the ALJ had to ignore evidence in the record which conflicted with his conclusion. This he may not do. See Switzer v. Heckler, 742 F.2d 382, 385-86 (7th Cir. 1984) (Secretary's attempt to use only portions of report "favorable to her position, while ignoring other parts, is improper"); Smith v. Bowen, 687 F. Supp. 902, 904 (S.D.N.Y. 1988) ("Although the ALJ is not required to reconcile every ambiguity and inconsistency of medical testimony, he cannot pick and choose evidence that supports a particular conclusion." (citation omitted)).

We conclude that the ALJ's decision in this case is not supported by substantial evidence in the record as a whole. The judgment of the United States District Court for the District of New Mexico is REVERSED with directions to remand to the Commissioner with instructions to reinstate Ms. Udero's disability benefits, including retroactive payments, until the Commissioner conducts a further hearing and determines that Ms. Udero's condition has improved to the point that she is actually capable of substantial gainful activity. See Pacheco v. Sullivan, 931 F.2d 695, 698 (10th Cir. 1991) (citing White v. Heckler, 774 F.2d 994, 996-97 (10th Cir. 1985)).

Because we have held that Ms. Udero continued to be disabled after the end date chosen by the ALJ, this new hearing will be for determining whether her benefits should be terminated and the standards of 20 C.F.R. § 404.1594(f)(1)-(8)

will apply.  Should medical improvement be found, any repayment of benefits received pursuant to this order and judgment will be governed by 42 U.S.C. § 423(g).  We hold that this appeal was brought in good faith.  <u>See</u> <u>id.</u> 423(g)(2)(B); <u>see also</u> <u>White</u>, 774 F.2d at 997.

Entered for the Court


David M. Ebel
Circuit Judge