**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MANUEL DE JESUS ORTEGA MELENDRES; JESSICA QUITUGUA RODRIGUEZ; DAVID RODRIGUEZ; VELIA MERAZ; MANUEL NIETO, Jr.; SOMOS AMERICA, | Nos. 15-16440 15-16626 |
| Plaintiffs-Appellees, | D.C. No. 2:07-cv-02513-GMS |
| v. | MEMORANDUM[*] |
| MARICOPA COUNTY; JOSEPH M. ARPAIO, | |
| Defendants, | |
| v. | |
| DENNIS L. MONTGOMERY, Proposed Intervenor, | |
| Movant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Argued and Submitted September 14, 2016

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

San Francisco, California

Before: GOULD and BERZON, Circuit Judges, and SESSIONS,** District Judge.

Dennis Montgomery seeks to appeal the denial of two applications for admission *pro hac vice* submitted by attorneys Jonathon Moseley and Larry Klayman, the striking of his motions to intervene and disqualify the district court judge, and the denial of a motion to disqualify the judge filed by other litigants in this case. We conclude that we do not have jurisdiction to review the orders from which Montgomery appeals, and we dismiss this consolidated appeal.

1. In May 2015, attorney Jonathon Moseley filed an application in the district court seeking permission to appear in this case *pro hac vice* on behalf of putative-intervenor Dennis Montgomery. Moseley also filed, on behalf of Montgomery, a motion to intervene and a motion to disqualify the district court judge. The district court denied Moseley's application to appear *pro hac vice* and then struck the pending intervention and disqualification motions under Fed. R. Civ. P. 12(f) and D. Ariz. LRCiv 7.2(m)(1). Montgomery filed a motion to reconsider the denial of Moseley's application, which the district court denied. Montgomery appeals these orders. Montgomery also appeals the district court's

** The Honorable William K. Sessions III, United States District Judge for the District of Vermont, sitting by designation.

2

order denying a motion to disqualify the judge filed on behalf of defendant Joseph Arpaio and non-party contemnor Gerard Sheridan by their respective counsel.

In July 2015, Larry Klayman filed an application in the district court seeking permission to appear *pro hac vice* on behalf of Montgomery. The district court denied Klayman's application. Montgomery filed an appeal of that order, which we consolidated with his appeal of the orders relating to the application and motions submitted by Moseley and the motion to disqualify filed on behalf of Arpaio and Sheridan by their respective counsel.

2. The denial of an application to appear *pro hac vice* is neither a final order nor an immediately appealable interlocutory order. *In re United States*, 791 F.3d 945, 958 (9th Cir. 2015). Nor does the denial of a *pro hac vice* application fall within the narrow bounds of the collateral order doctrine.[1] *See Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 440 (1985); *see also United States v. Dickstein*, 971 F.2d 446, 451-52 (10th Cir. 1992). We lack jurisdiction to review

---

[1] We note the court's collateral order analysis applies generally to cases in which a *pro hac vice* application is made by counsel for a putative intervenor rather than for a party. Ordinarily, a putative intervenor can raise the denial of a *pro hac vice* application in an appeal from a final judgment, such as the denial of a motion to intervene filed pro se or by alternate counsel. *See Richardson-Merrell*, 472 U.S. at 439 (noting that the Supreme Court "has expressly rejected efforts to reduce the finality requirement of § 1291 to a case-by-case determination of whether a particular ruling should be subject to appeal").

3

the district court's orders denying Moseley's and Klayman's *pro hac vice* applications. *See* 28 U.S.C. § 1291, 1292.

3. Montgomery also seeks review of what he describes as the district court's "denial" of his intervention and disqualification motions. The district court, however, did not deny those motions. It struck the motions after denying Moseley's application to appear *pro hac vice*, because the motions were neither submitted by an admitted attorney nor by Montgomery appearing pro se. *See* Fed. R. Civ. P. 12(f); D. Ariz. LRCiv 7.2(m)(1). Montgomery does not appeal the grounds upon which the district court struck the motions after denying Moseley's *pro hac vice* application. Because the district court never ruled on the motions for intervention and disqualification, we lack jurisdiction to address their merits. *See, e.g.*, *Jacobsen v. United States Postal Serv.*, 993 F.2d 649, 662 (9th Cir. 1992).

Also, Montgomery's appeal of the order striking his motions is untimely. The district court entered the order striking the motions on May 14, 2015, and Montgomery filed a notice of appeal on July 15, 2015. *See* Fed. R. App. P. 4(a)(1)(A). In contrast to his seeking reconsideration of the district court's denial of Moseley's application, Montgomery never requested that the district court reconsider the striking of the intervention and disqualification motions.

4. To the extent that Montgomery seeks to appeal the denial of a motion to disqualify submitted by other litigants in this case, he lacks standing to do so. The record does not suggest that Montgomery "participated in the district court proceedings" beyond the filing of these motions, or that "the equities of the case weigh in favor of hearing the appeal." *See Hilao v. Estate of Marcos*, 393 F.3d 987, 992 (9th Cir. 2004). No party "has haled [Montgomery] into the proceeding against his will," and no "judgment has been entered against" him. *See id.*

5. We note that the dismissal of this consolidated appeal is without prejudice to the possibility that Montgomery may file a petition for a writ of mandamus in this Court seeking similar relief. In the event that such a petition for a writ of mandamus is filed, the petition shall be assigned to this panel, which retains jurisdiction over it. *See* Ninth Circuit General Order 3.6(d).

In conclusion, this consolidated appeal is **DISMISSED** for lack of jurisdiction.