NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In Re BEN WILLIAMS,**
*Petitioner*

---

2025-137

---

On Petition for Writ of Mandamus to the United States District Court for the Western District of Louisiana in No. 3:16-cv-00777-TAD-JPM, Judge Terry A. Doughty.

---

**ON PETITION**

---

Before LOURIE, PROST, and CHEN, *Circuit Judges.*

PER CURIAM.

## O R D E R

Ben Williams petitions for a writ of mandamus seeking, *inter alia*, to direct the United States District Court for the Western District of Louisiana to vacate its order denying his motion for leave to appear *pro hac vice* in *Luv n' care Ltd. v. Laurain*, No. 3:16-cv-777 (W.D. La.).  Luv n' care, Ltd. ("LNC") and Nouri E. Hakim oppose the petition.  Mr. Williams replies.  We deny the petition.

## I.

In 2016, LNC brought that action against Eazy-PZ, LLC (EZPZ) in the Western District of Louisiana alleging unfair competition and seeking a declaratory judgment that it did not infringe EZPZ's design patent that had been prosecuted by Mr. Williams, then a patent agent. EZPZ counterclaimed for infringement. In February 2025, following an eight-day bench trial during which Mr. Williams testified, the district court found EZPZ's patent unenforceable based in part on Mr. Williams's inequitable conduct. The court subsequently entered a final judgment and issued orders denying EZPZ's post-judgment motions.[1]

In March 2025, following trial and the court's inequitable conduct judgment, Mr. Williams moved to appear *pro hac vice* on behalf of EZPZ. On March 21, 2025, the court denied that request, citing its finding that Mr. Williams had engaged in inequitable conduct. Mr. Williams moved for reconsideration, contending that denying his motion without a hearing violated *In re Evans*, 524 F.2d 1004, 1008 (5th Cir. 1975). On May 22, 2025, the district court denied that motion. Mr. Williams then filed this petition seeking a writ of mandamus to, among other things, compel the district court to hold a hearing on his motion.

## II.

A writ of mandamus requires a petitioner to show that he has a clear and indisputable right to relief, that he has no other adequate avenue for relief, and that issuance of this extraordinary relief is appropriate under the circumstances. *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004). Mr. Williams has not satisfied that

---

[1]    On September 9, 2025, EZPZ notified the district court that it filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code triggering an automatic stay of the litigation under 11 U.S.C. § 362.

standard here.  Mr. Williams has not shown that an appeal following entry of final judgment would be an inadequate alternative to challenge the denial of the motion for leave to appear *pro hac vice.  Cf. Melendres v. Maricopa Cnty.*, 661 F. App'x 917, 918 n.1 (9th Cir. 2016) ("Ordinarily, a putative intervenor can raise the denial of a *pro hac vice* application in an appeal from a final judgment."); *Roma Const. Co. v. aRusso*, 96 F.3d 566, 577 (1st Cir. 1996) (addressing party's challenge to denial of its counsel's motion for admission *pro hace vice* on final judgment).

Nor has Mr. Williams shown a clear and indisputable right to his requested hearing.  He relies exclusively on *Evans*, where the Fifth Circuit held, in a criminal case, that the defendant's attorney could not be denied *pro hac vice* admission without a hearing to address any specific allegations as to how he failed to satisfy the necessary professional and ethical qualifications.  Since *Evans*, the Supreme Court has held out-of-state attorneys have no constitutional right to such a hearing, *see Leis v. Flynt*, 439 U.S. 438, 442–43 (1979), and courts have understood *Evans* as applying to "pre-trial motions" for admission, *Schlumberger Techs., Inc. v. Wiley*, 113 F.3d 1553, 1561 (11th Cir. 1997); *U.S. v. Dinitz*, 538 F.2d 1214, 1223 (5th Cir. 1976) ("*Evans* merely attempted to establish standards applicable to a pretrial motion to appear pro hac vice.").

*Evans* did not involve the situation here: an attorney, who testified at trial about his conduct, seeking *pro hac vice* admission after the district court found he engaged in unethical behavior.  And what *Evans* did involve—a criminal defense attorney being denied a pre-trial *pro hac vice* motion based merely on general accusations about the attorney's demeanor without a hearing to respond—is sufficiently different such that we cannot say on limited mandamus review that Mr. Williams has demonstrated a clear and indisputable right to the relief he seeks under the circumstances of this case.  Mr. Williams's other requests

are on the merits of the underlying case.  Since he is not a party to those proceedings, we deny the petition in full.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

September 25, 2025
Date

Jarrett B. Perlow
Clerk of Court