Marjorie **DAVENPORT**

v.

Otis R. **BOWEN, Secretary of Health and Human Services.**

Civ. No. 88–2478.

United States District Court,
E.D. Pennsylvania.

March 31, 1989.

Steven Masters, Community Legal Services, Inc., Philadelphia, Pa., for plaintiff.

Catherine Votaw, Asst. U.S. Atty., Dept. of Justice, Philadelphia, Pa., for defendant.

## MEMORANDUM

LOUIS H. POLLAK, District Judge.

Plaintiff Marjorie Davenport has filed a complaint seeking judicial review of the final decision of defendant, the Secretary of Health and Human Services, denying her application for disability benefits under the Supplemental Security Income program. On November 22, 1988, a day after defendant's answer was due,[1] defendant filed a motion for a 60-day extension of time to answer. The court granted a 10-day extension, which the defendant timely moved for the court to reconsider and cited, for the first time, inability to locate the plaintiff's file as the reason for the delay. The court granted the unopposed motion and agreed to defendant's proposed deadline of January 22, 1989.

Defendant failed to file a timely answer. On February 9, 1989, plaintiff moved for the award of interim benefits for the period from November 21, 1988 until such time as the defendant's answer was filed. Defendant opposed this motion, challenging the power of this court to order interim benefits and representing that the administrative record had been located and that its answer was forthcoming. Defendant subsequently filed its answer, complete with the administrative record, on March 6, 1989.

In response to the "systemwide predicament" of delay in judicial review of disability cases, Judge Miles Lord recognized a presumption that when a claimant is deprived of his right to a timely answer due to the Secretary's inability to locate files under his control, there is a prima facie case for interim benefits. *LaBonne v. Heckler*, 574 F.Supp. 1016, 1021 (D.Minn. 1983), *dism'd without op.*, 732 F.2d 161 (8th Cir.1984). This remedy is common in cases in which the Secretary's delay in filing responsive pleadings violates the time limits of the Federal Rules of Civil Procedure or court order. *See, e.g., Raushi v. Heckler*, Civ. No. 84–0752 slip op. (E.D.Pa. June 7, 1984); *Mills v. Heckler*, 595 F.Supp. 952 (S.D.N.Y.1984); *Gomaz v. Heckler*, 591 F.Supp. 1122 (E.D.Wis.1984); *Lewis v. Heckler*, 605 F.Supp. 9 (E.D.Ky. 1984).[2]

The humane purposes of the benefits program and the unfairness of placing the burden of delay on the party least able to control or afford it support interim relief in these circumstances. Plaintiff's claim that the multiple bureaucratic delays in this case have forced her to live on public assistance pending resolution of these proceedings is uncontested. In addition, defendant admits that its handling of plaintiff's file was the sole cause of the delay to the court and claimant.

I will therefore grant plaintiff's motion for interim benefits commencing from the last court-approved deadline for the filing of defendant's answer on January 22, 1989 to the date that the defendant filed his answer on March 6, 1989. *See Gomaz v. Heckler*, 591 F.Supp. 1122, 1127 (E.D.Wis. 1984) (granting benefits for the two months before Secretary had filed her tardy answer in order "to effect a retroactive preservation of the status quo for those weeks when the progress of this litigation was stymied.")

An appropriate order follows.

## ORDER

For the reasons stated in the accompanying memorandum, it is hereby ORDERED

---

1. The court granted plaintiff's motion for leave to proceed *in forma pauperis* on March 25, 1988, two days after the complaint was filed. Due to a delay in notifying plaintiff of this order, defendant was not served until September 22, 1988.

2. Some courts have also granted interim benefits during the period a case is under agency review on remand from the court. *See, e.g., Mason–Page v. Bowen*, 655 F.Supp. 255, 258 (D.N.J.1987); *Zink v. Heckler*, Civ. No. 84–3467, slip op. (E.D.Pa. April 1, 1985).

**636**

and DIRECTED that Plaintiff's motion for interim benefits is GRANTED. Interim benefits, in the amount plaintiff would receive if found eligible for the benefits she is claiming, shall be paid to the plaintiff for the period from January 22, 1989 to March 6, 1989. If the court ultimately determines that the plaintiff is not entitled to receive such benefits, the standard recoupment procedures applicable in any case in which overpayment is made shall be available to the Secretary.

It is further ORDERED that this matter is referred to Magistrate William F. Hall, Jr. for preparation of a report and recommendation pursuant to 28 U.S.C. § 636(b). The parties are advised to direct all further inquiries to Magistrate Hall.