Donna **HOFFMAN**, Plaintiff,

v.

**Kenneth S. APFEL, Commissioner
of Social Security, Defendant.**

**No. C00–4052–MWB.**

United States District Court,
N.D. Iowa,
Western Division.

Nov. 27, 2000.

David P. Simmons, Legal Services Corporation, Sioux City, IA, for plaintiff Donna Hoffman.

Marth A. Fagg, Assistant United States Attorney, Sioux City, IA, for defendant Kenneth S. Apfel.

## MEMORANDUM OPINION AND ORDER REGARDING INTERIM BENEFITS AND REMAND

BENNETT, Chief Judge.

### TABLE OF CONTENTS

I. INTRODUCTION ................................................................. 1003

II. LEGAL ANALYSIS ............................................................. 1003
 A. Arguments Of The Parties ............................................ 1003
 B. Applicable Precedents ............................................... 1004
 1. Supreme Court Authority ......................................... 1005
 2. Appellate decisions ............................................. 1005
 a. Taylor v. Heckler ........................................... 1005
 b. Doughty v. Bowen ............................................ 1006
 3. The split in the district courts ............................... 1008
 a. Rivera v. Apfel ............................................. 1008
 b. Luna v. Apfel ............................................... 1010
 c. Other courts ................................................ 1011
 C. Interim Benefits In This Case ....................................... 1013
 1. Authority to award interim benefits ............................ 1013
 2. Appropriateness of interim benefits ............................ 1014

III. CONCLUSION ................................................................. 1017

Faced with a split in authority among courts to consider the question, this court must decide whether or not to award interim benefits during remand of this initial application for Social Security disability benefits. The Commissioner sought a remand of this action, more than five years after the claimant initially applied for dis-

ability benefits, because the administrative file could not be found. The claimant now seeks interim benefits based on her likelihood of success on remand and the undue delays in the administrative determination of her claim.

## I. INTRODUCTION

In this action, plaintiff Donna Hoffman, a fifty-five-year-old woman, initially filed an application for supplemental security income (SSI) benefits under Title XVI of the Social Security Act on September 2, 1995, alleging a disability arising from emotional disorders and hypertension, which she asserts has prevented her from engaging in any type of substantial gainful work activity since June 2, 1995. She subsequently filed an application for widow's disability insurance benefits under Title II of the Social Security Act on October 2, 1995. Both applications were denied upon initial review on November 1, 1995, and upon reconsideration on January 5, 1996, on the ground that, even though Hoffman was disabled, her disability did not meet the durational requirement for benefits.

Hoffman requested a hearing on her applications on February 1, 1996. That hearing was eventually held before an administrative law judge (ALJ) on August 22, 1996. The ALJ did not produce a decision until March 28, 1997, at which time the ALJ denied Hoffman's applications. Hoffman appealed the ALJ's decision to the Appeals Counsel on May 1, 1997. The Appeals Council did not issue its written decision affirming the denial of benefits in Hoffman's case until nearly three years later on March 16, 2000.

While awaiting the decision of the Appeals Council on her first application for disability benefits, Hoffman filed a second application on March 8, 1999. On May 25, 1999, on initial review, the Social Security Administration determined that Hoffman was indeed disabled as of March 1999, but that Hoffman's unearned income exceeded qualification limits for Title XVI SSI bene-

fits and that her eligibility for widow's benefits under Title II expired in February 1998.

Promptly after the Appeals Council affirmed denial of her first application for benefits in March 2000, Hoffman commenced the present action for judicial review by filing an application to proceed *in forma pauperis* on May 15, 2000. Hoffman's *in forma pauperis* application was granted on May 16, 2000, and her complaint was filed that day. On July 28, 2000, the Commissioner requested and received an extension of time until October 2, 2000, to respond to Hoffman's complaint for judicial review. On October 2, 2000, instead of answering the complaint, the Commissioner moved to remand this action pursuant to sentence 6 of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), because the Commissioner represented that the claim file in this case could not be located. By order dated October 19, 2000, this court remanded this action to the Commissioner of Social Security for further administrative action.

Shortly thereafter, however, in a motion filed October 27, 2000, to amend the remand order, Hoffman requested an award of interim benefits during the remand. In response to Hoffman's motion, the court stayed the remand of this action on October 30, 2000, until the parties could brief the question of whether or not interim benefits can and should be awarded in the circumstances of this case. Pursuant to the court's October 30, 2000, order, the parties submitted briefs on the question of the availability and propriety of interim benefits in this case on November 13, 2000. The court concludes that the question of whether or not Hoffman can and should be awarded interim benefits during the remand of this action is now ripe for disposition.

## II. LEGAL ANALYSIS

### A. Arguments Of The Parties

Hoffman acknowledges that two Circuit Courts of Appeals, the Fourth in *Taylor v.*

*Heckler,* 769 F.2d 201 (4th Cir.1985), and the Tenth in *Doughty v. Bowen,* 839 F.2d 644 (10th Cir.1988), have ruled that interim benefits are not available on remand to claimants whose initial applications for disability benefits were denied. However, Hoffman contends that these decisions rely on erroneous interpretations of the Supreme Court's decision in *Heckler v. Day,* 467 U.S. 104, 104 S.Ct. 2249, 81 L.Ed.2d 88 (1984), a decision which Hoffman contends never reached the question of the availability of interim benefits to persons in her situation and which cannot be construed to foreclose such benefits. Moreover, Hoffman contends that the failure of Congress to address interim benefits on remand for persons making an *initial* application for disability benefits, when Congress did provide for such benefits for persons contesting the *termination* of their disability benefits, does not override the court's equitable power to award interim benefits in appropriate circumstances to persons, such as herself, contesting denial of an initial application for benefits. Hoffman contends that the Commissioner can show no harm from an award of interim benefits in this case, because the Commissioner can recoup any benefits paid pursuant to 42 U.S.C. § 404(a) if the payments are made in error. On the other hand, Hoffman contends that the Commissioner has twice determined that she is disabled, but denied benefits, on the first occasion, on the ground that her disability was unlikely to continue for twelve months or more, and, on the second occasion, for reasons that were unrelated to her disability. The first denial of benefits, Hoffman is confident, will now be' overturned. Hoffman also contends that payment of benefits in her case has already been unduly delayed for more than five years by slow rulings in the administrative process, and will now be further delayed by the loss of her claim file, which has precluded judicial review. She urges the court to follow the ruling in *Rivera v. Apfel,* 99 F.Supp.2d 358 (S.D.N.Y.2000), for example, rather than the two contrary circuit decisions, and award interim benefits during remand of this action.

The Commissioner notes that the Social Security Administration has now located the claim file in this case, including a cassette tape of the administrative hearing, and that the tape has now been sent to a contractor to be transcribed. Thus, the Commissioner apparently contends that a prompt disposition of this action upon remand is likely. The Commissioner specifically contends that interim benefits on remand are simply not available by statute to persons who were denied benefits on their initial application. Moreover, on the basis of *Day, Taylor,* and *Doughty,* the Commissioner contends that, because Congress has specifically authorized the payment of interim benefits to persons who had their benefits *terminated,* awards of interim benefits to persons who have never been determined to be disabled are implicitly forbidden. The Commissioner also suggests that the failure of Congress to impose deadlines for benefits determinations or to provide for interim benefits in the circumstances presented here reflects a conscious legislative decision not to provide for interim benefits in cases of administrative delay.

## B. Applicable Precedents

The court's analysis of the question of whether interim benefits can be awarded on remand of an initial application for disability benefits begins with consideration of the applicable precedents, and, more specifically, with the Supreme Court's decision in *Heckler v. Day,* 467 U.S. 104, 104 S.Ct. 2249, 81 L.Ed.2d 88 (1984). However, because the interpretation of the decision in *Day* by the federal circuit and district courts has led to a split in authority on the question presented here, and our own Circuit Court of Appeals has not yet addressed the question, the survey of precedents must continue with decisions from the lower courts.

### 1. Supreme Court Authority

The Supreme Court was presented with the question at issue here in *Heckler v. Day* when the Court "granted certiorari to consider whether it is appropriate for a federal court, without statutory authorization, to prescribe deadlines for agency adjudication of Title II disability claims and to order payment of interim benefits in the event of noncompliance." *Day*, 467 U.S. at 110, 104 S.Ct. 2249. The Court "conclude[d] that the legislative history makes clear that Congress, fully aware of the serious delays in resolution of disability claims, has declined to impose deadlines on the administrative process," and vacated the judgment below, which had imposed such deadlines. *Id.* at 110–11, 104 S.Ct. 2249.

However, the Court never passed on the interim benefits question:

> The District Court's order requiring the payment of interim benefits was conditioned on noncompliance with the injunction. Because we have held that the injunction is invalid, we need not address the propriety of that part of the District Court's order requiring payment of interim benefits.

*Id.* at 119 n. 34, 104 S.Ct. 2249. Thus, *Day* does not specifically answer the question presented here. Nevertheless, courts have scoured the decision in *Day* for some guidance on that question, with differing results. Therefore, this court must look to the decisions of the lower courts.

### 2. Appellate decisions

Two Circuit Courts of Appeals have read *Day* to preclude the award of interim benefits on remand to persons who were denied disability benefits on their initial applications. As mentioned above, those Circuit Courts of Appeals are the Fourth in *Taylor v. Heckler*, 769 F.2d 201 (4th Cir.1985), and the Tenth in *Doughty v. Bowen*, 839 F.2d 644 (10th Cir.1988). No Circuit Court of Appeals has held to the contrary. Thus, these decisions must be given due consideration.

### a. Taylor v. Heckler

In the first of the pertinent appellate decisions, *Taylor*, an administrative law judge awarded the claimant disability benefits only for a closed period and the Appeals Council refused to review that decision. *Taylor*, 769 F.2d at 201. The district court remanded the claimant's judicial review action, on the Secretary's motion, on the ground that the recording of the original hearing was inaudible and thus a transcript could not be prepared for review. *Id.* However, the district court, "obviously concerned about the impact of administrative delay on claimant, also awarded interim monthly benefits in the amount to which Taylor would be entitled if found disabled, the interim benefits to continue through the pendency of th[e] action." *Id.* at 201–02.

The Fourth Circuit Court of Appeals reversed the award of interim benefits, thereby rejecting the claimant's assertions that the award was authorized either by statute, specifically, 42 U.S.C. § 423(g), or by the court's "general remedial power." *Id.* at 202. The court explained its reasoning as follows:

> 42 U.S.C. § 423(g) authorizes interim benefits to individuals appealing the termination of their disability benefits on account of an official determination that they are no longer disabled. S.Rep. No. 648, 97th Cong., 2d Sess. 6–7 (1982), *reprinted in* 1982 U.S.Code Cong. & Ad.News 4373, 4377–78; H.Conf.Rep. No. 985, 97th Cong., 2d Sess. 10 (1982), *reprinted in* 1982 U.S.Code Cong. & Ad.News, 4399, 4400. 42 U.S.C. § 423(g)(1)(a) provides that the section applies "(1) in any case where (a) an individual is a recipient of disability insurance benefits...."

> *Taylor is not a recipient of benefits whose benefits are being terminated due to cessation of her disability. In fact the entire purpose of these proceedings is to establish Taylor's period of disabil-*

*ity so she may eventually become a "recipient." 42 U.S.C. § 423(g) does not authorize an award of interim benefits to Taylor.*

Taylor relies on *Day v. Schweiker,* 685 F.2d 19 (2d Cir.1982), for her claim that the district court's award was authorized under the court's general remedial power. In *Day* the Second Circuit upheld a district court's order that the state agency issue reconsideration determinations within 90 days of requests for reconsideration of initial denial of benefits, and that ALJs provide hearings within 90 days after request is made for a reconsideration hearing. The district court had also ordered payment of interim benefits to any claimant who did not receive a reconsideration determination within 180 days of the request for reconsideration or who did not receive a hearing within 90 days of a hearing request.

*Without reaching the interim benefits issue, the Supreme Court reversed Day on the basis of the district court's imposition of deadlines on the state agency. Heckler v. Day,* 467 U.S. 104, [119], 104 S.Ct. 2249, 2258, 81 L.Ed.2d 88 (1984). *The opinion's rationale however supports our view that the award of interim benefits there, as here, was equally without legal basis.*

The Court's reversal in *Day* noted that Congress had considered and rejected mandatory deadlines on the social security appeals process and "in light of the unmistakable intention of Congress, it would be an unwarranted judicial intrusion into this pervasively regulated area for federal courts to issue injunctions imposing deadlines with respect to future disability claims." 467 U.S. [119–20], 104 S.Ct. at 2258, 81 L.Ed.2d 88. *Where Congress has made specific provision for interim benefits in a restricted context, we think that, similarly, it does not lie with the courts, for whatever worthy purposes, to order their payment in other contexts of this pervasively regulated area.*

*Taylor,* 769 F.2d at 202 (emphasis added). Thus, in *Taylor,* the Fourth Circuit Court of Appeals heard the silence in *Day* on the question presented here as a resounding denial of the power of the courts to order the relief requested here.

### b. Doughty v. Bowen

The decision of the Tenth Circuit Court of Appeals in *Doughty v. Bowen,* 839 F.2d 644 (10th Cir.1988), is in a similar vein. In that decision, the court considered "whether a district court may order interim benefit payments to a claimant pending his appeal from an initial denial of disability benefits under Title II of the Social Security Act." *Doughty,* 839 F.2d at 645. Like the Fourth Circuit Court of Appeals in *Taylor,* the court in *Doughty* noted that 42 U.S.C. § 423(g) allows a district court to exercise its remedial power to direct payment of interim benefits during the remand of a "termination case"—that is, a case in which the claimant was originally determined to be disabled, but the claimant's benefits were later terminated on the basis of subsequent improvement—even if the claimant had not elected to receive the interim benefits. *Id.* at 646–47. "However," the court concluded, "whether a district court has sufficiently broad remedial powers under the legislative directives to direct payment of interim benefits when the individual has never been certified disabled and entitled to benefits is a question of first impression for this court." *Id.* at 647.

The Tenth Circuit Court of Appeals answered that question in the negative, relying on both the Supreme Court's decision in *Day* and the decision of the Fourth Circuit Court of Appeals in *Taylor:*

The Supreme Court reversed the Second Circuit's mandatory deadline holding in *Day v. Schweiker,* [685 F.2d 19 (2d Cir.1982) ]. *See Heckler v. Day,* 467 U.S. 104, 104 S.Ct. 2249, 81 L.Ed.2d 88 (1984). The Court noted "that Congress repeatedly has been made aware of the long delays associated with resolution of

disputed disability claims and repeatedly has considered and expressly rejected suggestions that mandatory deadlines be imposed to cure that problem." *Id.* at 111, 104 S.Ct. at 2253. The Court then concluded that "[i]n light of the unmistakable intention of Congress, it would be an unwarranted judicial intrusion into this pervasively regulated area for federal courts to issue injunctions imposing deadlines with respect to future disability claims." *Id.* at 119, 104 S.Ct. at 2257. Because the Supreme Court reversed on the mandatory deadline issue, the Court did not address the propriety of the interim payment order.

The Fourth Circuit reached the interim payment issue the following year in *Taylor v. Heckler,* noting that Congress had specifically provided for interim benefits in termination cases but not in cases involving the initial denial of benefits. *Taylor v. Heckler,* 769 F.2d at 202; *see* 42 U.S.C. § 423(g) (1982 & Supp. III 1985). Relying on the Supreme Court's decision in *Heckler v. Day,* and likening interim benefits to mandatory deadlines, the Fourth Circuit held that the district court could not use its remedial powers to order interim benefits when Congress had not so provided, in an area regulated so pervasively by Congress.

1. A third appellate decision, *Fitzgerald v. Apfel,* 148 F.3d 232 (3d Cir.1998), takes a different direction from that indicated in *Taylor* and *Doughty.* In *Fitzgerald,* the court also considered a request for interim benefits during the reconsideration of the claimant's application in the administrative process where the claimant's initial application for disability benefits had been denied. *Fitzgerald,* 148 F.3d at 233. However, in *Fitzgerald,* the claimant's administrative appeal was still pending. *See id.* The claimant filed suit in federal court for interim benefits, not judicial review of denial of benefits upon completion of the administrative process, because she claimed she was entitled to the benefits and the denial of those benefits during prolonged administrative consideration and appeals had placed her in dire financial straits. *Id.* at 234. The appellate court affirmed the district court's denial of interim benefits on the following grounds:

*We are convinced that the Fourth Circuit's rationale is correct. If a district court were allowed to order the payment of interim benefits in the initial denial of benefits cases, it would be doing something Congress has considered and has not provided for. Moreover, if a district court were allowed to order such payments, it would be establishing, if only indirectly, a deadline for reconsiderations. Although such payment orders would not impose an express deadline, they would generate behavior and agency review that would run contrary to Congress' desire to allow the Secretary broad authority to "ensure quality decisions in the face of heavy and escalating workloads and limited agency resources." Day v. Heckler, 467 U.S. at 112, 104 S.Ct. at 2254.*

*In light of congressional intent and the authorities set forth above, we conclude that the district court cannot use its remedial power to order interim disability payments for a person initially denied benefits.*

*Doughty,* 839 F.2d at 647 (emphasis added). Thus, *Doughty* also reads the rationale of *Day* as precluding the award of interim benefits on remand of initial applications for disability benefits.[1]

The district court lacked jurisdiction over Fitzgerald's claim for interim benefits both because she failed to present a demand for such benefits to the Commissioner and because her claim is not collateral to a claim for benefits. As to the former point, there is no indication in the record that Fitzgerald ever requested interim benefits from the Social Security Administration pending the outcome of the proceedings. *Although she presented a general claim of disability, she did not address her claim of entitlement to interim benefits due to the excessive delay to the Commissioner. The failure to raise such a claim violates the nonwaivable jurisdictional aspect of exhaustion and is fatal to her claim.*

Furthermore, the district court lacked jurisdiction over Fitzgerald's claim for interim benefits because such a demand is not collateral to her claim for final benefits. Whether predicated on § 405(g) or on the due process clause, it is beyond cavil that

### 3. The split in the district courts

The district courts have weighed in on the question presented here with considerably greater frequency than the appellate courts, but without the uniformity of opinion demonstrated in *Taylor* and *Doughty*. Although the Commissioner contends that "[c]ourts have held that interim benefits may be paid only in cases where a beneficiary has been awarded benefits, which were later terminated, but did not authorize interim benefits in cases, such as plaintiff's case, in which benefits have never been awarded," citing *Doughty* and *Taylor*, the Commissioner fails to acknowledge that several courts have indeed awarded interim benefits in circumstances similar to those presented here. The court finds that there is a significant split in authority on the question presented here—not only between district courts and circuit courts, but even within judicial districts—and that decisions contrary to *Taylor* and *Doughty* also deserve some attention.

The split in authority among the district courts is typified by two decisions from the Southern District of New York, to which the court now turns.

> interim benefits are linked to disability benefits. First, they are two forms of the same entitlement. More importantly, Fitzgerald's claim to interim benefits is linked to her entitlement to final benefits. Indeed, Fitzgerald repeatedly emphasized in her briefs and at argument that she was entitled to such benefits not just because of the extensive delay, but also because of her indigency and the merits of her case. *Cf. Bush v. Shalala*, 94 F.3d 40, 46 (2d Cir. 1996) ("absent a finding that the claimant was actually disabled, delay alone is an insufficient basis on which to remand for benefits;" discussing *Kelly v. Railroad Ret. Bd.*, 625 F.2d 486, 491 (3d Cir.1980)). *Since we are unable to separate the merits of her claim for interim benefits from her claim for final disability benefits, the district court lacked jurisdiction to hear her claim for interim benefits absent a final decision by the Commissioner. Her motion was thus properly denied. Because we have determined that the federal courts lack jurisdiction to consider Fitzgerald's interim benefits claim, we need not decide whether such benefits are*

### a. Rivera v. Apfel

As the plaintiff suggests, one recent district court decision awarding interim benefits, contrary to the appellate decisions in *Taylor* and *Doughty*, is Judge Hellerstein's decision in *Rivera v. Apfel*, 99 F.Supp.2d 358 (S.D.N.Y.2000). In *Rivera*, the court was asked to decide whether, during remand to the Social Security Administration, the court could award interim disability payments to a minor child, where the claimant's initial application for disability benefits had been denied. *Rivera*, 99 F.Supp.2d at 361–62. The court acknowledged the Supreme Court's decision in *Heckler v. Day*, noting that, in *Day*, the Court had cautioned that the district courts may not hasten disability determinations by the Social Security Administration by imposing judicially-mandated deadlines. *Id.* at 365. The court in *Rivera* also noted that the federal appellate courts in *Doughty* and *Taylor* had "stretched that caution into holdings that the district courts also lack the right to order interim payments to petitioners for disability payments." *Id.*

However, the court in *Rivera* rejected such an extension of the rationale in *Day*.

> *available under the Social Security statutory regime.*
> *Fitzgerald*, 148 F.3d at 234–35 (emphasis added; footnote omitted). The court in *Fitzgerald* distinguished its lack of jurisdiction over the question of interim benefits in the case before it from the decisions in *Doughty* and *Taylor*, which reached the question, on the ground that, in those cases, the Commissioner had rendered a final decision, so that the courts had jurisdiction under 42 U.S.C. § 405(g), but no final decision was before the court in *Fitzgerald*, where the claimant's administrative appeal was still pending. *Id.* at 235 n. 3.
> In the case now before this court, the Commissioner has also rendered a "final decision" denying Hoffman's claim for disability benefits. Hoffman here seeks interim benefits during the remand of this action to the Social Security Administration. Therefore, this case is distinguishable from *Fitzgerald*, this court has jurisdiction over Hoffman's request for interim benefits, and the question before this court is whether *Taylor* and *Doughty* should be followed.

First, the court in *Rivera* noted that the Supreme Court did not rule, in *Day,* on the district court's equitable powers generally, or question whether such powers remained available to avoid irreparable injury. *Id.* Moreover, the court rejected the reliance in *Doughty* and *Taylor* on the contention that Congress's provision, in 42 U.S.C. § 423(g), of interim benefits to persons whose benefits were terminated indicates congressional intent not to allow such awards to persons whose initial applications for benefits were denied. *See id.* at 365–66. The court in *Rivera* explained,

> There is no suggestion in the legislative history that section 423(g) was intended to affect the general equity powers of the district courts. The holding of *Doughty* and *Taylor,* that section 423(g) somehow manifested a Congressional intent to divest the courts of normal equitable powers with regard to interim disability compensation has no better support than the hoary maxim: *Expressio unius est exclusio alterius,* the expression of a particular must mean the exclusion of the general.
>
> *Expressio unius* is a maxim to guide statutory interpretation; it is not a rule of law, and it is not an excuse to avoid hard analysis. *Neuberger v. Commissioner of Internal Revenue,* 311 U.S. 83, 88, 61 S.Ct. 97, 85 L.Ed. 58 (1940); *Westnau Land Corp. v. U.S. Small Business Administration,* 1 F.3d 112, 116 (2d Cir.1993). If a remedy as fundamental as equity is to be forbidden by law, the law must be specific and clearly so intend. It cannot be a by-product of a statute intended to solve a particular problem arising from a particular practice. *See, e.g., Day v. Schweiker,* 685 F.2d 19, 24 (2d Cir.1982), *rev'd on other grounds, Heckler v. Day,* 467 U.S. 104, 104 S.Ct. 2249, 81 L.Ed.2d 88 (1984) (authority to award interim benefits derives from district court's "inherent powers to fashion a remedy"); *Davila v. Shalala,* 848 F.Supp. 1141, 1145 (S.D.N.Y.1994) (Broderick, J.); *Saltares v. Bowen,* 711 F.Supp. 162, 165 (S.D.N.Y.1989) (Kram, J.); *Weiser v. Secretary of Department of Health and Human Services,* 645 F.Supp. 602, 603 (S.D.N.Y.1986) (Conner, J.); *Cohen v. Heckler,* 599 F.Supp. 837, 838 (S.D.N.Y. 1984) (Haight, J.). And, clearly, nothing in *Heckler v. Day* forbids a district court from exercising its traditional equity powers where, in the particular case, the court finds that the interest of justice so require; indeed, the Supreme Court specifically acknowledged that authority. *Day,* 467 U.S. at 119 n. 33, 104 S.Ct. 2249.

*Rivera,* 99 F.Supp.2d at 366. After surveying the nature and purpose of equity, and considering whether equity would serve the statutory purpose, the court reasoned as follows:

> This case, unlike *Heckler v. Day* and unlike *Doughty* and *Taylor,* does not present an issue of judicial intrusion in the administrative process. I am asked to decide only if interim benefits may be awarded where the interest of justice makes such an order appropriate and necessary. My order does not establish any time period, short or long, within which SSA must proceed. There is no reason to believe that my award of interim benefits will require SSA to proceed more expeditiously than would otherwise be the case. Indeed, an award of interim benefits may allow SSA to take the time necessary to conduct a full evidentiary review.

*Rivera,* 99 F.Supp.2d at 368. The court therefore concluded as follows:

> SSA's administrative procedures have stretched unreasonably long and have been deficient and wasteful. The Congressional policy of awarding disability payments to minor children during their minority, early in their disability, has been thwarted, and can best be served by awarding interim benefits. Accordingly, plaintiff's motion for remand, joined by defendant, is granted (*see* 42 U.S.C. § 405(g)). Pending final deter-

mination by the Commissioner, the Commissioner shall provide Plaintiff with the level of benefits he would receive were he successful in his application, subject to recoupment pursuant to 42 U.S.C. § 404 if it is ultimately determined that the benefits paid were not due.

*Id.* Thus, *Rivera* stands for the proposition that this court has the general remedial power to award interim benefits to persons, like plaintiff Hoffman, whose initial application for disability benefits was denied, and that the Supreme Court's decision in *Day* is not to the contrary.

### b. Luna v. Apfel

As indicated above, however, there is a split in authority not only among the district courts, but even within a single district, the Southern District of New York. Another recent decision from the Southern District of New York reaching a conclusion contrary to that reached by Judge Hellerstein in *Rivera* is a decision by Judge Stein in *Luna v. Apfel,* 2000 WL 964937 (S.D.N.Y. July 12, 2000). In *Luna,* the court noted that, while there is a statutory basis for awarding interim benefits in "termination" cases, "[t]here is no similar basis ... for granting interim benefits in the case of a new application for Social Security benefits." *Luna,* 2000 WL 964937 at *8. The court concluded that language in *Day v. Schweiker,* 685 F.2d 19 (2d Cir. 1982), which relied on the court's "inherent powers" of equitable relief as authority for an award of interim benefits to applicants for new benefits, had been rendered *dicta* by the Supreme Court's reversal of the decision on other grounds in *Heckler v. Day,* 467 U.S. at 110–11, 104 S.Ct. 2249. *Id.* The court in *Luna* recognized that there was a split in authority:

Following this dicta [in the decision of the Second Circuit Court of Appeals], other courts in this district have granted interim benefits to new applicants based on principles of equity, for example, where an application was subjected to egregious delay or other outrageous be-

havior by the Commissioner. *See, e.g., Rivera v. Apfel,* 99 F.Supp.2d 358, 366–67 (S.D.N.Y.2000); *Jefferson v. Bowen,* No. 84 Civ. 5664, 1986 WL 14928, at *6 (S.D.N.Y. Dec.22, 1986); *Weiser v. Secretary of Dep't of Health & Human Servs.,* 645 F.Supp. 602, 604 (S.D.N.Y. 1986); *Cohen v. Heckler,* 599 F.Supp. 837, 838 (S.D.N.Y.1984). However, other circuit courts have held that district courts lack the authority to award interim benefits in cases of new applicants on the grounds that there is no statutory authority for such an award. *See Doughty v. Bowen,* 839 F.2d 644 (10th Cir.1988); *Taylor v. Heckler,* 769 F.2d 201, (4th Cir.1985). As the Tenth Circuit reasoned in *Doughty,* because Congress considered the question of interim benefits and provided for such benefits only in cases where prior benefits had been terminated, awards of interim payments in cases where benefits were not previously received would contravene the text and history of the Social Security Act. 839 F.2d at 645–47.

*Luna,* 2000 WL 964937 at *8. The court in *Luna* joined the *Taylor–Doughty* side of the split, and in the alternative, rejected an award of interim benefits on the facts of the case before it, even if authority for such an award existed:

Because the Act does not provide for interim payments to new applicants, and because existing circuit precedents disfavor such payments, de Medina's request for interim payments should be denied. In the alternative, even if the Social Security Act provided for grants of interim benefits to first time applicants, the facts of this case would not warrant equitable relief at this stage in the proceedings. According to the record, Alberto Monegro has been enrolled in remedial educational and speech therapy programs since September 1996. As a consequence, it is not apparent that he will suffer immediate harm in the absence of immediate benefits. Nevertheless, given the passage of time since

plaintiff originally applied for benefits plus the fact that a child is involved, the Court urges the Commissioner to proceed expeditiously in reaching a final resolution of de Medina's application. *Luna*, 2000 WL 964937 at *9. Thus, the *Luna* decision specifically rejects the rationale of *Rivera* and instead adopts the position staked out in *Doughty* and *Taylor*. In the alternative, the court in *Luna* concluded that, even if it had the power to award interim benefits, the circumstances presented in that case did not warrant such an award. Thus, if nothing else, the *Luna* decision reminds the court that two separate questions are presented here: Does the court have the power to make such an award, and if it does, should it do so in the circumstances of this case?

### c. Other courts

Not only is there an intra-district split in the Southern District of New York on the question of the court's power to award interim benefits in "new application" cases, there is a similar split among other district courts. Like the court in *Rivera*, the court in *Davila v. Shalala*, 848 F.Supp. 1141 (S.D.N.Y.1994), concluded that interim benefits could be awarded on remand of an initial application, at least in certain circumstances, and that *Heckler v. Day* was not to the contrary. *Davila*, 848 F.Supp. at 1144. The court concluded that "[a] court has the power to provide alternate relief without intruding upon an agency's authority to manage its own affairs which would be curtailed if mandatory deadlines were imposed." *Id.* (citing *Day*, 467 U.S. at 112, 104 S.Ct. 2249). Specifically, the court concluded that "[t]he court may provide a remedy for the consequences of administrative delay if excessive and prejudicial to a private party," because " '[t]he remanding court is vested with equity powers and, while it may not "[intrude] upon the administrative province, it may adjust its relief to the exigencies of the case in accordance with the equitable principles governing judicial action." ' " *Id.* (quoting

*Zambrana v. Califano*, 651 F.2d 842, 844 (2d Cir.1981), in turn quoting *Ford Motor Co. v. NLRB*, 305 U.S. 364, 373, 59 S.Ct. 301, 83 L.Ed. 221 (1939)). The court concluded that an award of interim benefits was a lesser intrusion upon the administrative province than a final judgment in favor of the claimant where failure to maintain the claim file left no material support for the agency's denial of benefits. *Id.* at 1145. The court also suggested that "[e]ach instance involving missing government documents must be evaluated separately according to the nature of the items, the options available to the agency, the hardship to the applicant, the strength of the applicant's claim, the period of delay involved, and so forth." *Id.* Although the court recognized that "[i]t would be dangerous to the agency's operations with limited resources if interim benefits were granted because of delay alone," noting the cautions stated in *Day*, 467 U.S. at 112, 104 S.Ct. 2249, the court added, "if the information available shows a determination that would appear groundless unless the agency finds [the record], reconstructs [it] or conducts a new hearing providing a substitute record, interim benefits constitute a lesser step than deciding the merits on the basis of a skimpy record." *Id.* The court distinguished *Taylor* on the ground that "there was no contention there of a finding that it would have been possible for the court to rule in favor of the applicant on the merits based on existing material available because where any party failed to provide information within its control reasonably promptly, an adverse inference can be drawn." *Id.*

Similarly, the court in *Davenport v. Bowen*, 709 F.Supp. 634 (E.D.Pa.1989), concluded that there is a "prima facie case for interim benefits" upon remand of an initial application where the claimant is deprived of his right to a timely answer due to the Secretary's inability to locate files under his control, and that such relief "is common in cases in which the Secre-

tary's delay in filing responsive pleadings violates the time limits of the Federal Rules of Civil Procedure or court order." *Davenport*, 709 F.Supp. at 635. Such awards, the court concluded, were justified by the "humane purposes of the benefits program and the unfairness of placing the burden of delay on the party least able to control or afford it." *Id.*

Also, the court in *Mason–Page v. Bowen*, 655 F.Supp. 255 (D.N.J.1987), concluded that the court's remedial power permitted it to award interim benefits, and that such an award was appropriate where the Secretary "fails to render a disposition within a 'reasonable' time, whether inadvertently or intentionally." *Mason–Page*, 655 F.Supp. at 257. The court read *Day* as making clear that the Supreme Court "objected to the mandatory deadlines because they were 'unduly intrusive' upon the workings of the Administration; but the same is not true of interim benefits," because the award of interim benefits is "subject to curative overpayment and recoupment procedures, places no restrictions on the Administration's decision-making authority, nor does such award impair the Administrations ability to reach careful, reasoned decisions," and the *Day* decision permitted courts to exercise equitable discretion on an individual, case-by-case basis. *Id.* at 258. Moreover, the court did not read the lack of specific congressional authorization as a restriction on the court's inherent equitable power. *Id.* The court therefore awarded interim benefits where the claimant had been subjected to "excessive delay," as "an equitable solution to the difficult problem of balancing administrative difficulties and the applicant's needs." *Id.; see also Weiser v. Secretary of Dept. Health and Human Servs.*, 645 F.Supp. 602, 603 (S.D.N.Y. 1986) ("[I]n the exercise of its broad remedial powers, the Court may always award interim benefits where a claimant is faced with unreasonable delay attributable to the Secretary," and finding such circumstances justified the award of interim benefits in that case).

Like the decision in *Luna*, the decision in *Saltares v. Bowen*, 711 F.Supp. 162 (S.D.N.Y.1989), also recognizes the difference between whether a court *can* award interim benefits and whether it *should*. In *Saltares*, the court concluded that it had the power to award interim benefits upon remand of an initial application, but the court determined that it would not do so in the circumstances presented. As to the court's power, the court noted that "[t]he Supreme Court specifically did not determine whether courts had the remedial power to award interim benefits in original entitlement cases." *Saltares*, 711 F.Supp. at 164 (citing *Day*, 467 U.S. at 119 n. 34, 104 S.Ct. 2249). The court also concluded that "a decision to award interim benefits on a case-by-case basis is consistent with the Supreme Court's caveat 'that nothing in this opinion precludes the proper use of injunctive relief to remedy individual violations of § 405(b).'" *Id.* at 165 (quoting *Day*, 467 U.S. at 119 n. 33, 104 S.Ct. 2249). Notwithstanding this conclusion regarding its power to award interim benefits, the court declined to do so. The court concluded that " [p]laintiff's financial straits, though moving, cannot be the basis for awarding interim benefits. Instead, the Court must determine whether the delays in this case caused by the Secretary are unreasonable." *Id.* After evaluating the 25 months for the first administrative process and the likelihood that a remand decision would take a little over a year, the court concluded that "[t]hese periods of time, though lengthy, do not appear unreasonably so, given the Court's experience in these matters." *Id.* And, although the court agreed that the administrative law judge's handling of the case had been less than adequate, the court "d[id] not believe that interim benefits should be awarded simply because the Secretary's actions warrant remand," because to do so "would allow the exception to swallow the rule, making an award of interim benefits necessary almost every time a case is remanded," creating the sort of "blanket rule"

rejected in *Day*, 467 U.S. at 119 n. 33, 104 S.Ct. 2249. *Id.* at 166. The court distinguished the case then before it from other cases awarding interim benefits, as in those cases, the plaintiff had undergone two sets of hearings and the Secretary had delayed the proceedings in federal court. *Id.* Based on these distinctions, the court declined to award interim benefits. *Id.*

On the other hand, like the court in *Luna*, the court in *Mullen v. Secretary of Health and Human Servs.*, 878 F.Supp. 682 (D.Del.1995), concluded that it had neither the power to award interim benefits nor the inclination to do so, if it had such power, in the circumstances of the case then before it. Specifically, the court could find "no legal basis upon which to premise an award of interim benefits" to a plaintiff whose initial application for disability benefits had been denied. *See Mullen*, 878 F.Supp. at 684–85 (citing contrary district court decisions, but following *Taylor* and *Doughty* ). Moreover, even if it had the authority to award such benefits, it would not do so in the circumstances presented, because "the record before this Court does not appear to contain, nor has Plaintiff offered, any evidence of 'egregious' or 'outrageous' delay by the Secretary," so that "the circumstances of this case differ from those that gave rise to an award of benefits in [other] cases." *Id.* at 686. The court also distinguished decisions awarding interim benefits on remands of initial applications on the ground that "the scant record before the Court does not contain a significant amount of evidence suggesting that plaintiff is in fact disabled," and "the Secretary has agreed to request expedited treatment of Plaintiff's case on remand." *Id.* (internal quotation marks and citations omitted); *see also Cruz v. Heckler*, 626 F.Supp. 799, 800 (S.D.N.Y.1985) (where a plaintiff was not challenging the termination of benefits, there was no statutory authority for the court to award interim benefits, and the plaintiff was not faced with an unreasonable delay attributable to the Secretary, so that cases awarding interim benefits on the basis of the Secretary's unreasonable delay were inapplicable).

## C. Interim Benefits In This Case

### 1. Authority to award interim benefits

■ There is admittedly no *statutory* authority for the court to award interim benefits in the case of an applicant who, like Hoffman, had her *initial* application for disability benefits denied. *See Day*, 467 U.S. at 110, 104 S.Ct. 2249; *Doughty*, 839 F.2d at 646–47; *Taylor*, 769 F.2d at 202. Nevertheless, this court does not read the Supreme Court's decision in *Day* as barring the award of interim benefits to an initial applicant in appropriate circumstances, in the exercise of the court's equitable powers. *Accord Rivera*, 99 F.Supp.2d at 365 (noting that the Supreme Court did not rule in *Day* on the district court's equitable powers generally, or question whether such powers remained available to avoid irreparable injury). Indeed, in *Day*, the Court made clear that it was not deciding that question. *See id.* at 119 n. 34, 104 S.Ct. 2249 ("Because we have held that the injunction is invalid, we need not address the propriety of that part of the District Court's order requiring payment of interim benefits."). Although the Court rejected *blanket* imposition of judicial deadlines, the Court also made clear in *Day* "that nothing in this opinion precludes the proper use of injunctive relief to remedy *individual* violations of [42 U.S.C.] § 405(b)," the statutory provision that provides for a hearing before an ALJ within a reasonable time following denial of an application for disability benefits upon reconsideration by the Social Security Administration. *Id.* at 119 n. 33, 104 S.Ct. 2249. This conclusion suggests strongly that courts retain the equitable power to remedy unjust delays in the Social Security disability determination process on a case-by-case basis.

Moreover, this court concludes that *Taylor*, 769 F.2d at 202, and *Doughty*, 839

F.2d at 647, have inappropriately extended *Day*'s bar on blanket deadlines for administrative determinations of disability into a bar on awards of interim benefits to initial applicants in appropriate circumstances. Although Congress specifically provided for interim benefits in the context of termination of benefits in 42 U.S.C. § 423(g), nothing about that provision indicates that Congress ever considered, let alone rejected, interim benefits in "initial application" cases. *Compare Doughty*, 839 F.2d at 647 ("If a district court were allowed to order the payment of interim benefits in the initial denial of benefits cases, it would be doing something Congress has considered and has not provided for."); *Taylor*, 769 F.2d at 202. Neither *Taylor* nor *Doughty* identifies any statutory provision specifically barring interim benefits in any context beyond that contemplated in § 423(g), or any portion of the congressional record indicating any consideration or rejection of provisions for interim benefits in "initial application" cases. If it were Congress's intention to limit a court's equitable powers in circumstances not specifically addressed by statute, that intention should be more clearly expressed. *See Rivera*, 99 F.Supp.2d at 366 ("If a remedy as fundamental as equity is to be forbidden by law, the law must be specific and clearly so intend. It cannot be a by-product of a statute intended to solve a particular problem arising from a particular practice.").

Nor would allowing a district court to order such payments establish, either directly or indirectly, any forbidden deadline for reconsideration of denials of initial applications for benefits, or otherwise constitute an undue intrusion upon the administrative process. *Contra Doughty*, 839 F.2d at 647. Rather, this court is persuaded that the view expressed by Judge Hellerstein in *Rivera* is correct: Such an order would not establish any time period, short or long, for completion of the administrative reconsideration, or require the SSA to proceed more expeditiously, but would instead allow the SSA to take the time necessary to conduct a full evidentia-ry review, *see Rivera*, 99 F.Supp.2d at 368; *Mason–Page*, 655 F.Supp. at 257, without imposing upon the applicant the hardships arising from an improper, or improperly delayed, disability determination. *See Davila*, 848 F.Supp. at 1144 (identifying the hardship to the applicant and the period of delay involved among the factors relevant to the determination of whether or not to award interim benefits upon remand of an initial application case); *Davenport*, 709 F.Supp. at 635 (interim benefits were justified by the "humane purposes of the benefits program and the unfairness of placing the burden of delay on the party least able to control or afford it"); *Mason–Page*, 655 F.Supp. at 258 (also rejecting the contention that such an award constituted an "undue intrusion" into the administrative process).

This court concludes that it has the equitable power, in appropriate circumstances, to award interim benefits on remand of an initial application for disability benefits.

### 2. *Appropriateness of interim benefits*

 The questions that remain are, first, how are those "appropriate circumstances" defined, and, second, do such circumstances exist in this case? Even though the court in *Luna* concluded that it did not have the authority to award such benefits, in the alternative, it declined to award such benefits if it had the power, because it was not apparent that the applicant "will suffer immediate harm in the absence of immediate benefits." *See Luna*, 2000 WL 964937 at *9. This court agrees that the likelihood of immediate harm to the applicant in the absence of interim benefits is a relevant, but not determinative factor. *Accord Davila*, 848 F.Supp. at 1144 (considering the "prejudice" to the applicant); *Mason–Page*, 655 F.Supp. at 258 (balancing "administrative difficulties" and the "applicant's needs"); *but see Saltares*, 711 F.Supp. at 165 ("Plaintiff financial straits, though moving,

cannot be the basis for awarding interim benefits"; courts should instead consider whether the delays in the administrative process were "unreasonable"). Similarly, this court concludes that the delays in the administrative process must be "undue" and "unreasonable," and the delays must be attributable to the Secretary rather than the claimant, *see Rivera*, 99 F.Supp.2d at 368 (an award of interim benefits was appropriate where "SSA's administrative procedures have stretched unreasonably long and have been deficient and wasteful"); *Davila*, 848 F.Supp. at 1144 (considering whether the administrative delay was "excessive" as well as "prejudicial"); *Cruz*, 626 F.Supp. at 800 (finding that the plaintiff had not faced unreasonable delay attributable to the Secretary, and declining to award interim benefits, even if the court had the authority to do so); *see also Luna*, 2000 WL 964937 at *9 (urging prompt reconsideration by the Commissioner "given the passage of time since plaintiff originally applied for benefits plus the fact that a child is involved"), although this court does not agree that the delay or the Secretary's conduct must be "outrageous" or "egregious." *Accord Mason–Page*, 655 F.Supp. at 257 (considering whether the Secretary "fails to render a disposition within a 'reasonable' time, whether inadvertently or intentionally"); *contra Mullen*, 878 F.Supp. at 684–85 (requiring "outrageous" or "egregious" conduct by the Secretary). In balancing the impact of administrative delays and prejudice to the claimant, the claimant's likelihood of success on remand should also be taken into consideration, because it is pointless to award interim benefits where the claimant has no reasonable chance of a successful claim for disability benefits, whatever the other circumstances. *See, e.g., Davila*, 848 F.Supp. at 1145 (considering, *inter alia*, "the strength of the applicant's claim"). Other factors are also pertinent when the remand is necessitated by inadequacies in the record arising from loss of records in the control of the Commissioner. As the court in *Davila* sug-

gested, "[e]ach instance involving missing government documents must be evaluated separately according to the nature of the items [and] the options available to the agency," in addition to "the hardship to the applicant, the strength of the applicant's claim, the period of delay involved, and so forth." *Davila*, 848 F.Supp. at 1145; *see also Davenport*, 709 F.Supp. at 635 (an award of interim benefits is "common" where the claimant is deprived of a timely answer in the judicial review proceedings by the Secretary's inability to locate files under his control). The balancing of these factors must necessarily be made on a case-by-case basis, recognizing that an award of interim benefits should be the exception, rather than the rule, even in cases in which undue delay is attributable to the Commissioner, so that courts do not create the sort of blanket exception that would impose an undue intrusion upon the administrative process. *See Saltares*, 711 F.Supp. at 166; *see also Day*, 467 U.S. at 119 n. 33, 104 S.Ct. 2249 (rejecting "blanket" intervention in the administrative process, but recognizing the appropriateness of case-by-case consideration).

■ Applying these factors, the court concludes that an award of interim benefits is appropriate in this case. Looking first for any undue delays in the administrative process, *Rivera*, 99 F.Supp.2d at 368; *Davila*, 848 F.Supp. at 1144; *Cruz*, 626 F.Supp. at 800; *Mason–Page*, 655 F.Supp. at 257, the court does not find that the time taken for the initial consideration and reconsideration, or the intermediate steps involving a hearing before the ALJ and issuance of the ALJ's decision, were so far outside of the norm as to constitute "unreasonable" delay on the part of the Commissioner. However, the court cannot find that a delay of nearly three years between Hoffman's appeal of the ALJ's decision to the Appeals Counsel on May 1, 1997, and the Appeals Council's eventual filing of its written decision affirming the denial of benefits in Hoffman's case on March 16, 2000, is anything but an exces-

sive and unreasonable delay—in the absence of any explanation—that is attributable to the Commissioner.

Furthermore, the immediate reason for delay in this case was the Commissioner's loss of the claim file, so that the Commissioner was unable to answer Hoffman's judicial review complaint within the time originally provided under the Federal Rules of Civil Procedure and immediate judicial review was ultimately precluded. *Davila*, 848 F.Supp. at 1145 (suggesting that "[e]ach instance involving missing government documents must be evaluated separately according to the nature of the items [and] the options available to the agency"); *Davenport*, 709 F.Supp. at 635 (an award of interim benefits is "common" where the claimant is deprived of a timely answer in the judicial review proceedings by the Secretary's inability to locate files under his control). The court recognizes that the Commissioner has sought to remedy the injustice of delays arising from loss of materials within his control by moving to remand this case when the file could not be located, by continuing to examine his files until the claim file in this case was found, and by promptly seeking a transcription of the tape of the administrative hearing in this case once the tape was found so that review on remand can be pursued expeditiously. *See Davila*, 848 F.Supp. at 1145 (considering the "options available to the agency" when missing materials cause delays or preclude judicial review). Nevertheless, the cumulative consequences of the undue delay before the Appeals Council issued its decision in this case and the further delay arising from the loss of materials necessary for judicial review should not be borne by the claimant. *Davenport*, 709 F.Supp. at 635 (an award of interim benefits was justified by the "humane purposes of the benefits program and the unfairness of placing the burden of delay on the party least able to control or afford it").

Coupled with the undue delay in the administrative process in this case is prej-

udice to the claimant, here Hoffman, *see Luna*, 2000 WL 964937 at *9 (considering whether the claimant "will suffer immediate harm in the absence of immediate benefits"); *Davila*, 848 F.Supp. at 1144 (considering the "prejudice" to the applicant); *Mason–Page*, 655 F.Supp. at 258 (balancing "administrative difficulties" and the "applicant's needs"); *but see Saltares*, 711 F.Supp. at 165 ("Plaintiff financial straits, though moving, cannot be the basis for awarding interim benefits"; courts should instead consider whether the delays in the administrative process were "unreasonable"), and Hoffman's likelihood of success on remand. *Davila*, 848 F.Supp. at 1145 (considering, *inter alia*, "the strength of the applicant's claim"). Hoffman has now been forced to go without benefits for over five years, despite the fact that the Commissioner has twice found that she is disabled, but denied benefits, in the first instance, only on the ground that the disability was unlikely to meet the durational requirement—a conclusion seriously undermined by Hoffman's continued disability—and in the second instance, only because Hoffman purportedly did not meet the unearned income guidelines for SSI benefits—a fact issue warranting reconsideration on remand—and her qualification for widow's disability benefits had expired.

Finally, there is no countervailing prejudice to the Commissioner, because the payment of interim benefits is "subject to curative overpayment and recoupment procedures." *Mason–Page*, 655 F.Supp. at 258; *accord Rivera*, 99 F.Supp.2d at 368 (payment of interim benefits is subject to recoupment pursuant to 42 U.S.C. § 404 if it is ultimately determined that the benefits paid were not due). Therefore, pending final determination by the Commissioner, the court will award interim benefits to Hoffman from the date of the court's original remand order, October 19, 2000, in the amount Hoffman would have received for SSI benefits had she been successful on her initial application, subject to recoupment pursuant to 42

U.S.C. § 404 if it is ultimately determined that the benefits paid were not due. *Rivera*, 99 F.Supp.2d at 368.

### III. CONCLUSION

The court has the general remedial or equitable authority to award interim benefits in this "initial application" case. Moreover, the court concludes that such an award is appropriate in this case, upon consideration of pertinent factors including excessive delay in the administrative proceedings that is attributable to the Commissioner, the further delay of this action for judicial review resulting from the Commissioner's loss of the claim file, the prejudice to Hoffman arising from these delays, her likelihood of success upon remand, and the Commissioner's ability to recoup any wrongly paid interim benefits if Hoffman is ultimately determined not to be entitled to disability benefits.

THEREFORE,

1. The October 30, 2000, **stay** on the court's order for remand of October 19, 2000, is **hereby lifted,** and this action is **remanded** to the Commissioner of Social Security for further administrative action pursuant to sentence 6 of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

2. Plaintiff Hoffman's October 27, 2000, motion to amend the remand order is **granted. The order for remand is hereby amended** to add the following: Pending final determination by the Commissioner, **the Commissioner shall pay interim benefits** to Hoffman from the date of the court's original remand order, October 19, 2000, in the amount Hoffman would have received for SSI benefits had she been successful on her initial application, subject to recoupment pursuant to 42 U.S.C. § 404 if it is ultimately determined that the benefits paid were not due.

**IT IS SO ORDERED.**