Tomasina MCCLAIN o/b/o Jeffrey McClain, Plaintiff,

v.

Jo Anne BARNHART, Commissioner of Social Security Defendant.

No. 99 CIV 3236 VM.

United States District Court, S.D. New York.

Feb. 22, 2002.

---

Tomasina McClain, Bronx, NY, pro se.

James M. Baker, Center for Disability Advocacy Rights, Inc., New York City, for plaintiff.

Linda A. Riffkin, Assistant United States Atty, New York City, for defendant.

### DECISION AND ORDER

MARRERO, District Judge.

Plaintiff Tomasina McClain ("McClain"), on behalf of her son, Jeffrey, brought this action to obtain judicial review of a decision by the federal Commissioner of Social Security (the "Commissioner" or the "Government") denying Jeffrey's claim for Supplemental Security Income ("SSI") benefits. In April 1998, four years after McClain's application was filed, the designated Administrative Law Judge (the "ALJ") issued a determination which ruled that Jeffrey did not qualify as a disabled child. McClain's complaint before this Court claimed that in reaching his decision the ALJ committed multiple errors of fact and law. The Commissioner moved for judgment on the pleadings. McClain opposed, and cross-moved for judgment on the pleadings, or, in the alternative, for an award of interim benefits pending a new administrative ruling.

On January 26, 2001 Magistrate Judge James C. Francis IV issued a Report and Recommendation (the "Report") which recommended to this Court that the case be remanded to the Commissioner for further proceedings and that McClain's request for interim benefits be granted. The Court, after conducting a *de novo* review of the action and considering the parties' objections and responses, adopted the Report's recommendation of remand but declined to award interim benefits. *See McClain v. Halter*, No. 99 Civ. 3236, 2001 WL 619177 (S.D.N.Y. June 5, 2001) (incorporating the Report). It found a narrower ground to grant appropriate relief in light of uncertainty concerning authority to order interim benefits for an individual who had not been determined disabled under the applicable statutory requirements. *See id.* To this end, the Court directed that on remand the administrative review be completed within 90 days of the Court's Order.

McClain then moved for an award of attorney's fees under the Equal Access To Justice Act ("EAJA"), 28 U.S.C. § 2412. That application is the matter now before the Court. The Commissioner opposed the motion. The EAJA provides in pertinent part that in covered proceedings:

> [A] court shall award to the prevailing party other than the United States fees and other expenses ... incurred ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d).

The Government concedes that McClain is entitled to some fees in this proceeding, but that her claim is excessive and must be reduced. Specifically, the Government asserts that any award to McClain should not include counsel's fees attributable to time expended on her unsuccessful claim

for interim benefits. According to the Government, though McClain moved for judgment on the pleadings and maintained that the record compelled that conclusion, she asserted a right to interim benefits, in the event the Court remanded the case instead, as a separate and discrete argument.

The Second Circuit has held that where counsel expends time in discrete efforts that achieve no appreciable advantage, the district court may consider whether a fee award for such services would be unjust. *See United States v. 27.09 Acres of Land in Town of Harrison,* 43 F.3d 769, 773 (2d Cir.1994); *Sands v. Runyon,* 28 F.3d 1323, 1333 (2d Cir.1994). This Court has considered the circumstances underlying the time McClain devoted to pursuing her claim to interim benefits and finds that, while her arguments did not prevail here, there is no special reason which might make an award of counsel's services for these efforts unjust.

In his Report to the Court, Magistrate Judge Francis found in essence that the Government's conduct in considering Jeffrey's application·was not substantially justified. Specifically, the Report noted that "[t]he ALJ conducted perfunctory hearings, failed to obtain any school records after 1994 (which clearly existed), and relied on forms with scant information or on outdated educational reports." Report, at 26. Further, the *Magistrate Judge found* that the ALJ, by selectively citing prejudicial material while overlooking or ignoring favorable evidence, distorted the record in a manner the courts have repeatedly condemned, and that the Commissioner was thus responsible for the "inordinate delay" that review of the case had experienced. *McClain,* 2001 WL 619177, at *1. To this extent, the Court concurred that the ALJ's errors, demonstrating no reasonable basis in law or in fact, were not " 'justified in substance or in the main,' " nor "to a de-gree that would satisfy a reasonable person." *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). Accordingly, in remanding the matter to the Commissioner for further proceedings, the Court in effect determined that McClain had substantially prevailed on the matters at issue in the underlying action.

While the Court declined to adopt the Report's recommendation concerning interim benefits, it acknowledges that there is authority, found sufficiently persuasive by Magistrate Judge Francis, to sustain such relief under some circumstances. *See, e.g., Hoffman v. Apfel,* 122 F.Supp.2d 1001 (N.D.Iowa 2000); *see also Rivera v. Apfel,* 99 F.Supp.2d 358 (S.D.N.Y.2000), *vacated as moot,* 2000 WL 33647061 (2d Cir. Nov.14, 2000); *but see Doughty v. Bowen,* 839 F.2d 644, 647 (10th Cir.1988); *Taylor v. Heckler,* 769 F.2d 201, 202 (4th Cir.1985); *Luna de Medina v. Apfel,* No. 99 Civ. 4149, 2000 WL 964937 (S.D.N.Y. July 12, 2000).

Thus, it cannot fairly be said that McClain's request for interim benefits was unjustified or frivolous when made, that her counsel's arguments were specious or that their efforts were unreasonable, marginal, excessive or otherwise unnecessary. Nor is it the case that the Magistrate Judge's reasoning for recommending interim benefits was baseless. In fact, McClain's motion requesting as alternative relief either judgment on the pleadings or interim benefits stated claims that involved a common core of facts or related legal theories. In so doing, she asserted perceived rights for which there may be have been good faith justification, and the legal basis for which has not been definitively foreclosed. To penalize a plaintiff because she did not prevail on every claim under these circumstances would be inequitable.

Recognizing the fine line that sometimes divides successful from unsuccessful work, the Supreme Court in *Hensley v. Eckerhart,* 461 U.S. 424, 434–35, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), distinguished between lawsuits presenting unrelated claims based on different facts and legal theories and those arising out of a common core of facts or related legal theories. The Supreme Court held that in the latter situation, a plaintiff who has substantially prevailed in the outcome of the underlying claim is entitled to be awarded counsel's fees and expenses incurred for all work reasonably performed in pursuit of the ultimate result achieved, including efforts expended on unsuccessful issues. In such circumstances, the Supreme Court instructed that the district courts "should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.* at 435, 103 S.Ct. 1933. To this end, the *Hensley* Court noted that:

> the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit .... Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters.

*Id.* (citations omitted).

The Second Circuit has applied the *Hensley* doctrine to approve full attorney's fees that included work on unsuccessful issues where the overall outcome justified it. *See Quaratino v. Tiffany & Co.,* 166 F.3d 422, 425–27 (2d Cir.1999); *LeBlanc–Sternberg v. Fletcher,* 143 F.3d 748, 761–63 (2d Cir.1998); *Grant v. Martinez,* 973 F.2d 96, 99–101 (2d Cir.1992). The Court finds this authority sufficient to support an award of counsel's fees in this case. Here, McClain achieved overall favorable results in her contention that the ALJ had committed errors of fact and law meriting a remand of the proceeding. Her claim for interim relief was integrally related to the legal and factual grounds she maintained constituted the ALJ's errors.

### *ORDER*

For the reasons discussed above, it is hereby

**ORDERED** that plaintiff's motion for award of attorney's fees is GRANTED; and it is further

**ORDERED** that plaintiff shall be awarded fees in the amount of $11,592.60, as set forth and itemized in plaintiff's supplemental affidavit.

**SO ORDERED.**